**RECEIVED**

OCT 0 2 2023

**BY MAIL**

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF MISSOURI**

**EASTERN DIVISION**

| | |
|---|---|
| RAYMOND ORDOUKHANIAN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| ATTORNEY LEAH CHANEY, | ) |
| in individual/official capacity, | ) |
| | ) Case No._____ |
| ATTORNEY CASEY BROOKS, | ) |
| in individual/official capacity, | ) Plaintiff seeks Jury Trial & |
| | ) Summary Judgement |
| DETECTIVE RYAN J. McCARRICK, | ) |
| in individual/official capacity, | ) |
| | ) |
| DETECTIVE ERIN DOHERTY, | ) |
| in individual/official capacity, | ) |
| | ) |
| DISTRICT ATTORNEY MICHAEL WOOD, | ) |
| in individual/official capacity, | ) |
| | ) |
| Defendants. | ) |

**A PETITION TO THE UNITED STATES DISTRICT COURT**

**EASTERN DIVISION**

**TO RESTORE CIVIL RIGHTS DUE PROCESS AND DAMAGES**

**UNDER**

**42 U.S.C. § 1983**

**ORIGINAL PETITION**

**ATTORNEY APPEARANCE**
**FORTHCOMING**

**RAYMOND ORDOUKHANIAN #1317972**
**P.C.C.**
**11593 STATE HIGHWAY O**
**MINERAL POINT, MISSOURI**
       **63660**
**Plaintiff in above cause**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

RAYMOND ORDOUKHANIAN )
)
    Plaintiff, )
)
    vs. )
)
ATTORNEY LEAH CHANEY, )
  in individual/official capacity, )
)    Case No._____
ATTORNEY CASEY BROOKS, )
  in individual/official capacity, )    Plaintiff seeks Jury Trial &
)       Summary Judgement
DETECTIVE RYAN J. McCARRICK, )
  in individual/official capacity, )
)
DETECTIVE ERIN DOHERTY, )
  in individual/official capacity, )
)
DISTRICT ATTORNEY MICHAEL WOOD, )
  in individual/official capacity, )
)
    Defendants. )

INTRODUCTION - NOT PART OF PETITION

It was confirmed on November 09, 2022 at a two day Evidentiary Hearing, by two State DNA Experts, that did not testify at trial, that the State Prosecutors fabricated DNA evidence directly to a jury, suppressed DNA evidence, Fabricated Computer Evidence, Fabricated a Laptop was destroyed that photos years later proved was not, and that they supplied the jury by jury request 4 lab reports which actually was just the front cover sheets (TTR. 704), but discovered on record by State's admission, only supplied 2 of the 4.

Plaintiff is seeking full "Trace Report" kept from jury as June 6, 2023 request for this report was denied, and to date Prosecutors refuse to provide.

This report is a (Trace Evidence-also known as a Touch DNA report), that

puts Plaintiff scientifically not touching any of the items, including A.G.'s body, privates, panties, and Plaintiff, was admitted to this report prior to trial suppressed from jury to conceal Forensic facts.

**Evidence** of Plaintiff's Deprivation of Civil Rights is ATTACHED HERETO, as undisputed facts in evidence.

On May 3, 2023 Lincoln Clerk stated she would send all Exhibits and Evidence to Plaintiff's attorney, but did not, leaving out "SSM DISK".

Exhibit 3--"SSM DISK", listed as ("PUT INTO EVIDENCE-TR.41) was not provided, and instead sent 77 pages of 150 plus page Disk and sent a flash drive instead, and to date refuse to provide SSM Disk.

Currently Plaintiff's Appeal is being obstructed by these suppressions as Plaintiff attorney is unable to work completely on the case minus evidence, that the State feels is not in their best interest, as it outs Fraud they did not realize was on the Disk until they accessed it.

This is illegal maneuvering on record of direct suppression of evidence and must be corrected, the State will not, due to the damage this Disk will do, reason for this illegal suppression.

The State under Judge Frawley was presented with all this DNA fraud, including Detectives and Prosecutors directly putting fraud to a jury that Plaintiff destroyed his laptop in an attempt to conceal evidence, proven by 2021 provided "EVIDENCE PHOTOS OF LAPTOP" showing it was not "destroyed", "beat up badly" or "run over by a tank".

This evidence along with "TIME STAMP DATES" of computer used against Plaintiff at trial, were both provided by the NEW PROSECUTORS in 2021 to Public Defender, most likely not aware of what they were providing, or like "SSM DISK" suppresed to date minus Summary Judgement Sought to relief.

Plaintiff seeks relief in two part, ONE: Summary Judgement under Rule

2

56 (a) A party may move for Summary Judgment, identifying each claim or defense-of the part of each claim of defense on which, The Court shall Grant Summary Judgment, if the movant shows that there is no genuine dispute as to any material fact and movant is entitled to Judgment as a matter of Law.

Plaintiff's evidence is not only overwhelming, but undisputed FACTS in EVIDENCE, now provided to this court.

Summary Judgment in this case would apply to defendants culpability and liability for past record offenses, and to current District Attorney to produce evidence he is currently documented, refusing to obey established law to provide to Plaintiff and his attorney, after multiple [**official**] requests.

**TWO: Defendants,** that exclude **[based only on future compliance to 1 produce]** Current Defendant Michael Wood, Plaintiff seeks damages and sues under 42 U.S.C. § 1983 for deprivation of rights without due process, that includes a documented record of fabricating, suppressing, and denying DNA evidence to a jury that requested it, and currently denying it to Plaintiff.

Plaintiff seeks the Complete 3-11-15 Trace Evidence Report by Criminalist Nick Gerhardt, State with multiple Legal Requests refuses to provide.

Plaintiff has all the STR results from the other two Criminalists, **by Subpoena in 2022,** but the **Touch--Trace report has never been provided to date, even though a subpoena was issued to Nick Gerhardt as well.**

Plaintiff seeks this Honorable Court hold all those responsible for this record accountable by providing this evidence to the Chief Disciplinary Council, The State of Missouri for further hearings and investigations into how this

---

1 Petitioner seeks Injunctive Relief under Grier v. Klem, 591 F.3d 672 that his right to DNA evidence was determined by his §1983 relief not banned by the HECK rule. This includes all other suppressed evidence being requested as well. Misconduct under Prof'l rules of Conduct need to be addressed, In re Kriegel, 480 S.W.3d 294, for these record offenses of fabricating evidence that undermines the theory of the case, puts all Bar Certified Defendants by law must be held accountable by the evidence provided herein.

3

malevolent record of abuse of process and civil rights of the accused, exists, something the State has admitted by Judge Frawley on April 26, 2023 Ruling that did not even address the egregrious fabrications and violation of Rules of Professional Conduct.

Plaintiff seeks court order all evidence requested under Rule 34, under Rule 26(b)(1).

## PETITION FOR INJUNCTIVE RELIEF AND PETITION FOR DAMAGES TO RESTORE DUE PROCESS
## CIVIL RIGHTS--DENIAL OF LIBERTY WITHOUT DUE PROCESS

Comes now Raymond Ordoukhanian, in Forma Pauperis, and states for his petition injuctive relief for evidence under Rule 34 under Rule 26(b)(1) by Rule 56(a) Summary Judgement that includes Judge Frawley to have to Rule on Timely Filed "POST JUDGEMENT MOTION" that addresses the fraud, and all other parts of Petition for Damages, Civil Rights and claims the following:

### PARTIES

1.    Plaintiff Raymond Oroukhanian is an individual residing at Potosi Correctional Center in Washington County, Missouri.

2.    Attorney Leah Chaney was serving as District Attorney and was relevant at all times (Now works in private practice in Lincoln County, same County).

3.    Attorney Casey Brooks was serving as Assistant Prosecutor for Lincoln County Missouri and was relevant at all times (Now works in St. Charles County).

4.    Detective Ryan J. McCarrick was at all times relevant over this case at Lincoln County Sheriff's Department in Lincoln County Missouri (Now works for the City of Florrissant, in St. Louis County, Missouri.)

5.    Detective Erin Doherty served as Deputy at all times relevant, and is now currently at the same department as a Detective for the Lincoln County Sheriff's Department of Missouri.

6.    District Attorney Michael Wood is currently relevant as he is over the

4

control and authority to possess the evidence being sought, proven by May 3, 2023 Response Mr. Wood provided every EXHIBIT and EVIDENCE from (TR. 4) listed from Evidence Hearing except "SSM DISK CARDINAL GLENNON HOSPITAL", and refuses to provide "Nick Gerhardt's Full 3-11-15 Report" Missouri Highway Patrol provided to his office, but refuses to provide to Plaintiff by Attorney request to direct claim, is the District Attorney over Lincoln County, Missouri.1

## SUBJECT MATTER JURISDICTION

10.   Plaintiff is not failing to state a claim and actually has presented evidence of each claim by documentation to court, and brings this action Pursuant to U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

## VENUE

11.   The vast majority of relevant events occurred in the County of Lincoln Missouri, in the Eastern District of Missouri, in the Eastern Division.

## ABUSE OF PROCESS

(1)   The present defendants either are currently depriving Plaintiff of the 14th Amendment of United States Constitution "[d]eprive any person of life, liberty, property, without due process of law," and is currently or already has made an illegal, improper, perverted use of process, a use of neither warranted nor authorized by the process.2

(2)   [d]efendants have currently been using or have already had an improper purpose in exercing such illegal, perverted, or improper use of process; and

(3)   Damage is currently active and Damage resulted.

1Fourteenth Amendment to United States Constitution, [t]o prevent Government Power from being used for purposes of oppression, Daniel v. Williams, 474 U.S. 327 (Supreme Court 1986); [T]the procedural aspect of the Due Process Clause guarantees the availability of certain procedural mechanisms, and violated by State's Post Conviction proceedings, Harris v. Pernsley, 755 F.2d 338.
2Claims under the § 1983 are properly cognizable in the courts in Missouri, [d]eprivation of rights secured by the constitution of Laws of the United States, Adickes v. S.H. Kress & Co., 393 U.S. 144 (Supreme Court 1970).

5

## COLOR OF STATE LAW

12.   At all relevant times Defendants were acting under color of State Law, statutes, ordinances, regulations,Some--under Bar Rules, policies, customs and usages of the State of Missouri, and its political divisions.

### SUMMARY JUDGEMENT/JURY DEMAND

13.   Plaintiff respectfully requests Summary Judgement for Part ONE of Petition for Relief, and demands a jury trial on his claims for damages.

### FACTS

### EVIDENTIARY HEARING EVIDENCE

a) DNA FACT(S) KEPT FROM JURY

b) DNA FRAUD - DOCUMENTED

C) JUDICIAL DEFECT - DUE PROCESS RECORD

D) OTHER MATERIAL DETAIL(s)


14.   November 09 and 10 of 2022 an Evidence Hearing took place in Lincoln County in the Cause No. 17L6-CC00144, OROUKHANIAN v. STATE OF MISSOURI, and the following Facts of Evidence that came out of it:

15.   a) DNA FACT(S) -- (TR. 180) State DNA Expert BAILES: "THE WITNESS: Let me -- so the -- the answer is, it is -- based on the exams that I performed here, I **cannot confirm that that DNA came from sperm cells.**

b) DNA FRAUD -- Jury receives DNA report 09/03/2014 that lists Raymond Ordoukhanian in the "SPERM" section. We now know why Mr. Bailes was kept from trial even though he was subpoenaed on this matter, as his report was falsified and he documents by his "stuttering" and repeating words, he is knowledgable of the fraud he is about to expose with this statement to the court.

c) JUDICIAL DEFECT - DUE PROCESS (TR. 180) Cont. BY MR. ORDOUKHANIAN:

Q. Okay. Thank you for that answer, and I have one more question on that

6

as well, to which the Judge immediately **attempts** to shut this down realizing what was just put on record by stating:

THE COURT: **Cross-examination.** (Judge attempts to **prevent** anymore damage to the State by attempting to STOP anymore questioning on the subject.)

MR. ORDOUKHANIAN: Oh-oh, no, I'm not done yet.

THE COURT: Oh, I'm sorry. Okay, go ahead.

MR. ORDOUKHANIAN: **(TR. 181)** Q. Okay. But there was nothing on there that said this is **sperm** or **confirms** that this is **sperm**?

MR. BAILES: A. The -- that particular stain was tested, and the **result of that test was a stain consistent with semen was detected.**

**d)** MATERIAL FACT EXPOSED: Only the Front pages of two reports were provided to the jury and both stated "SPERM", and now it is confirmed that that those reports should state instead, "STAIN consistent with Sperm", but do not, falsey misleading jury to believe it is "SPERM" when the State Expert clearly states it may not be sperm.

**d2)** It actually is more violative of due process by the following record of Judge Questioning:

MR. BAILES: A. --or carryover from one fraction to the other. And so I -- there are instances where a **female** profile is -- is developed from a sperm fraction during that process.

Q. Was there any--

A. So that's **not uncommon** for that to happen.

Q. It's uncommon?

A. **It is not**, it's not uncommon for that to happen.

**d3)** Now it is on record that the "Sperm Fraction" and the "Non sperm fraction" may have even came from a **female**, and the jury never heard this and were duped by a false Lab Report Front Page, on record as of November 9, 2022

7

Date of this Hearing Testimony.

16. Finally at (TR. 188) State DNA Expert Bailes confirms, that this one charge of Statutory Rape is impossible to have happened, and jury never hears this, but BAILES confirms, A.G. **"was not" "the sexual partner".**

17.(TR. 181) JUDGE FRAWLEY: Q. --she would not have been the **sexual partner?**

MR. BAILES: A. **She was not** -- her -- she was not consistent with the profile from the sperm fraction.

**c)** JUDICIAL DEFECT: Jury never hears that **"She was not" "the sexual partner" at a trial that is one count of Statutory Rape, and** the "SPERM" anything "fraction" etc. could have come from a female, not a male which points to Mr. Ordoukhanian, that his sperm now on record is not where his DNA came from, based on this witness expert testimony (TR. 180).

18. November 09, 2022 Evidence Hearing State Expert AMANDA PAULUS confirms Fabricated STIPULATION to keep her, Bailes, and Gerhardt Experts from Trial is now confirmed FRAUD by the following record:

19. NOTE: "b) DNA FRAUD -- DOCUMENTED" will precede "a) DNA FACTS", as this example will need to precede to accurately depict erroneous record of presenting directly to a jury FALSE DNA evidence by means of a STIPULATION on DNA testing.

b) DNA FRAUD -- DOCUMENTED: (TTR. 430-431) to Jury a False Stipulation on DNA testing is read to the jury based on State Expert PAULUS testimony Evidence Hearing:

## STIPULATION (TTR. 430-431, 471-472)

As to the State's Exhibit 10, 11, 12, and 13 which the lab reports, they are stipulated by the parties. Further stipulate that the Missouri State Highway Patrol lab **only tested** any of the items for the **presence of semen.**(INJECTED NOTE: June 6, 2023 Request for "TRACE" report kept from jury, reveals did not

just test for semen, reason P.A. has refused to provide "Trace Report" afer reasonable request.) And that the standard operating procedure at the Missouri Highway Patrol is to **cease all testing** (INJECTED NOTE: Both Reports told to jury, #10, and #12 were Dated **2015**; if jury got these reports they would immediatley know the STIPULATION WAS FALSE--testing did not stop after 2014 "association" so they made the choice to dupe the jury instead by directly suppressing evidence they requested) once the submitted items' test positive or there's a positive association for whatever it is they're testing for. In this case it was semen.

The protocal at the Missouri Highway Patrol is based largely on their limited time and resources and the fact that there's a year long backlong which is also stipulated between the parties. So when we submit a hundred items, once they make a positive comparison for what they're looking for, they don't go on and further test (INJECTED NOTE: DNA Expert PAULUS testimony at this Evidence Hearing makes this false **"regardless" "All.. ..tested."** and she made association and admits she continued testing: **"Yes, all** 505 ALS positive stains were--(interrupted by Judge) --were tested.")** because of their limited time and resources. State's Exhibit 11

20. State Expert DNA PAULUS: (TR. 202):

MR. ORDOUKHANIAN: Q. Okay. But you tested pretty much every stain on there, correct?

MS. PAULUS: A. **Yes, all** 505 ALS positive stains were--

THE COURT: Not pretty much.

THE WITNESS: --cut--

THE COURT: Hold -- hold on a second.

THE WITNESS: --**were tested, yes.**

(TR. 202-203) Confirms now as of November 09, 2022 almost six years from

trial the Stipulation stating "stopped testing" is fabricated to the jury,
proven by:

MS. PAULUS: A. So no. All of the ALS positive areas were tested, so –
and that occurs in all instances, **regardless** of whether there is one positive
or multiple positive AP. All of the ALS or flourescent areas were tested.

Mr. Ordoukhanian attempted to ask her about the protocol as he now knows,
is on record false to jury in stipulation, and the Court and Prosecutor prevent
him by sustaining the question at (TR. 203).

21. DNA FRAUD TO JURY BY STIPULATION NOW CONFIRMED ON RECORD:

a) Jury never hears that "Testing" does not stop "regardless"; instead,
they heard some of the items and specifically "the comforter" only item with
Plaintiff's DNA, "only two spots were tested";

**b) Motive to Fabricate: this misled the jury into believing a "mixture
of Plaintiff DNA mixed with A.G. may exist on the comforter", when "now in
fact" complete testing proved it did not.**

c) JUDICIAL DEFECT ON RECORD DUE PROCESS: Ms. Paulus gets released and
neither Judge nor Prosecutor cross her after this is revealed, after **extensively
crossing** every other witness that testified at hearing, because DNA Fraud to
Jury is exposed now on record:

(TR. 206) MR. CHRUM: No questions Judge.

MR. ORDOUKHANIAN: The Stipulation is false.

MR. CHRUM: Yes.

MR. GERHARDT'S TRACE REPORT being currently withheld from Plaintiff also
proves Testing on items did not stop from "now alleged semen" as his report
tested for Touch DNA, Trace, and the other Lab Report (kept from jury) was
testing in 2015 for Semen and stated "none was detected", as this is the second
Laboratory Report falsified to the jury to mislead them at (TTR.

10

704) 10,11, 12, and 13" but was not provided as jury would immediately know they were duped as year 2015 proves "testing did **not stop**", so they had to keep LAB REPORTS 10 and 11, YEAR 2015 from the 12 jurors, and on record did (STATE RESPONSE July 6, 2023: "11 Lab Report", "13 Lab Report", "only "Lab Reports that are listed and **that were published** to the jury." opposite (TTR. **704) Jury Request for "Lab Reports", "send 10, 11, 12, and 13"**, for if they did not state 4 reports, Mr. Ordoukhanian would have known and alerted the court two were missing, so they had no choice but to put Fraud on the Court and Jury at (TTR. 704) to conceal the truth.

**c)** JUDICIAL DEFECT: Judge Frawley with full knowledge the Stipulation is false, DNA was fabricated, does nothing to date, that puts on record he was not out to seek the truth, but to cover it up, and did as all this was filed timely in "Post Judgement Motion" and he to date has refused to administer Justice in this case to meet Due Process, and Plaintiff will seek Court to Order Movant Court to answer "POST JUDGEMENT MOTION" that addresses this Fraud, and remedy it as it violates Plaintiff's Civil Rights, for even minus "POST JUDGEMENT MOTION" Judge Frawley was present under Canon 1, 2, and 3 Rules and was relevant during proceedings and had a duty to administer Justice.

<div align="center">

**DIRECT DNA PERJURY TO JURY**

**ON LAB REPORT CURENTLY**

**BEING WITHHELD THAT**

**IS ON RECORD NOT PROVIDED**

**TO THE JURY-BUT TOLD WAS**

</div>

22.    State brought a Non-Acute Examiner that did a follow-up exam on A.G. 3 weeks after the "Acute Phase" exam;

CARA CHRISTANELL (TTR. 531) A. If I was seeing her in that acute phase, then that's exactly what I would have done also. Then when I saw her though,

mine was just a follow-up.

This witness told the jury there was "DNA" "TRACE EVIDENCE" from the "ACUTE" exam she did not do, to the jury that the Lab Report 3-11-15 "Trace Evidence" report currently being kept from Plaintiff after multiple reasonable requests, clearly states there was no "Trace" evidence in the Rape Kit she did not do; otherwise, State would have used that against Plaintiff.

CARA CHRISTANELL (TTR. 530-531) A. In May she had gone to Cardinal Glennon after disclosing sexual abuse and she gone to the ER in that acute timeframe that I keep mentioning. So in that timeframe. So Cardinal Glennon did -- the emergency room did a complete examination on her and **actually obtained trace evidence. They did a DNA kit.**

23. This same witness was subpoenaed to the November 9, 10, 2022 Hearing but the State needed her not to show up, so they gave the Subpoena to a different person at the Hospital named BENITA WESTON, that appeared at the November 9, 2022 Evidence Hearing instead.

24. Benita Weston is not the name that appears on the subpoena twice under "Person to appear" meaning the State needed her to not be at this hearing based on the fact she perjured False DNA evidence to a jury for the District Attorney that had to know based on her knowledge of DNA reports this was perjured forensic evidence to a jury.

25. This witness can not give results of someone else's report, and definitely 3 can not give false results to a jury during a felony trial, but on record did, and

2**6.** Now the State won't release the "Trace Evidence" report to Plaintiff, and it is most likely without Federal enforcement, not going to happen, as the State had to be involved in keeping her from Evidence Hearing, as they have the duty to enforce subpoena, and on record did not, violating Plaintiff's

12

right to confront a witness against him.

TRIAL COUNSEL PUTS DIRECT

FRAUD TO JURY ON DNA

THAT WAS KEPT FROM HIM

AND CURRENTLY KEPT FROM

PLAINTIFF AND NEW EVIDENCE

CAME OUT OF HEARING

27. DOCUMENTED BRADY: **Evidence Hearing Nov.9,22:** [Counsel fooled by prosecutors only two spots tested on the comforter were tested]; RESULT: Fraud to jury. 4

MR. ORDOUKHANIAN(TR. 205): Q. Okay. You would continue testing, yeah?

PAULUS: A. **All stains on an item would be tested, yes.**

a)    SINCLAIR COUNSEL OPENING STATEMENT PROVEN FALSE:

(TTR. 220)"But the lab, the lab, the lab only tests two spots on this whole comforter."

b)    SINCLAIR DEFENSE IN CLOSING(TTR. 694)                                  "

Untested clothes, untested comforters.."

28. Based on State DNA Expert Paulus preceding record of "all tested" "505 spots" on "comforter", this record put fabricated evidence undermining the theory of the case and accomplished State fraud to remove beyond reasonable doubt-only DNA item.

"DISK OF SSM HEALTH CARDINAL GLENNON RECORDS"

PUT INTO EVIDENCE AT EVIDENCE HEARING, AND

STATE REFUSES TO PROVIDE

---

4 BROWN V. BORG, 951 F.2D 1011, 1015 (9TH Cir. 1991) (The prosecutor's actions in this case are **intolerable.** Possessed of knowledge that destroyed her theory of the case she kept the facts secret... and then presented testimony in such a way as to suggest the opposite of what she alone knew to be true.) **BRADY v. MARYLAND,** 373 U.S. 83

29. Listed in Evidence Hearing Transcript (TR. 4) is listed put into evidence: "Disk of SSM Health Cardinal Glennon Records...ID41..RCVD41."

Plaintiff's Pro Bono Attorney in his 29.15 ongoing case, requested all evidence listed on (TR. 4), and recieved everything except "SSM DISK..".

a)     When put into evidence State had no objections.

b)     When State realized what was on the Disk after viewing it, they knew they would have to keep this from Plaintiff, as it outed Perjury fraud from Day 1 of Allegation, May 24, 2014.

c)     The evidence "SSM DISK" and Plaintiff only seeks Summary Judgement an Order to Produce, the State, due to contents of Disk will not; [NOTE: as of last request: August 28, 2023] Prosecutors told Attorney=will not give "SSM DISK".

d)     It does not matter content, as Plaintiff is entitled to his evidence, he put into evidence, and suppression by the State is untolerable to due process rights, Civil Rights of Plaintiff, and is currently restricting, obstructing his case ED111752 Appeal that involves this evidence that should already be in his possession, by Law.

## SUMMARY JUDGEMENT

30. Plaintiff seeks Summary Judgement for State to follow already established laws on producing evidence, and seeks Court to Order under Rule 56 that State comply and produce the following currently being suppressed:

a)     **ONE: "Q LAB TRACE EVIDENCE CERTIFIED REPORT"**, Lab #0419339, "ATTACHED HERETO" that would include his Full Report listed in: "APPENDIX: MODEL DISCOVERY REQUEST FOR STR TEST RESULTS DISCOVERY REQUEST", that includes 10 Points all supplied to date from the other Two State DNA experts by subpeona, Mr. Bailes, and Ms. Paulus, and now seeks same from Missouri Highway Patrol Mr. Nick Gerhardt's Report.

14

b)    This report was requested to Missouri Highway Patrol on June 6, 2023, and Plaintiff's attorney was told they would **not** give it to her, but would to prosecutors.

c)    On June 6, 2023 Plaintiff Attorney wrote Prosecutor Michael Wood, "I have written to the prosecutor asking for a copy of Nick Gerhardt's report." 5

d)    It is late August and still no response after multiple letters, emails, Phone calls, and even Missouri's Statute to Produce filed with a Certificate, under Rule 58.01(a), and still State Prosecutor refuses to provide evidence that should have been provided **prior to trial**, that would have made this Petition Filing non-existent.

TWO: **"Disk of SSM Health Cardinal Glennon Records"** that should have been 6 included and provided in June 2023 when every other piece of evidence was provided on (TR. 4)--"ATTACHED HERETO" to Attorney.

## DAMAGES

31. During this malicious record prosecution where it is established by record evidence that DNA evidence was fabricated, suppressed, and to date withheld, Plaintiff suffered:

a.    Garden variety of emotional distress including terror, stress, fear, anxiety, humiliation, embarrassment, and disgrace.

b.    Loss of personal reputation in the community.

c.    Loss of trust in Law Enforcement generally and the law enforcement

---

5 MELKIK V.DZURANDA, 14 F.4th 931, Denied access to the courts. For a prisoner to have a meaningful opportunity to prepare a defense as required, he must be allowed to.. ..examine it. Correctional Facility official were properly denied qualified immunity in a § 1933 Suit based on **denying** inmate's ability to examine certain documents that could serve as evidence against him.

6 ARIZONA V. YOUNGBLOOD, 488 U.S. 51, Due Process Clause of the Fourteenth Amendment required the State to preserve Evidentiary material, at 55, "what might loosely be called the area of Constitutionally guaranteed access to evidence."

15

community of Lincoln County particularly.

d.     Continued loss of physical liberty for over six years to date while a continuing record of abuse of process continues based on November 9, 10, 2022 Evidentiary Hearing and Suppression of evidence favorable to defense of Plaintiff being currently withheld in violation of hs Civil Rights to Due Process on appeal.

e.     Suffering from the use of Fabricated DNA evidence to his jury that violated and is currently violating his right to the Truth on Forensic Evidence that negates his guilt to a jury of his peers.

f.     Loss of income during incarceration from an on record deprivation of rights to fairness this record proves exists.

g.     Loss of time with Grandkids that were born while incarcerated, sons, and other family members that suffered from this malevolent, ongoing deprivation of Civil Rights to Due Process, Fairness in a proceeding, and Appeal Due Process by now documented Forensic Fraud, currently ongoing. **7**

h.     Loss of Faith in the Justice system as State to date covering it up - no action.

## PROXIMATE CAUSE

**32.**  Mr. Ordoukhanian is not challenging his conviction here, but as of November 09, 10, 2022, it is on record that his conviction was and is currently being Civil Right violated in an ongoing deprivation of denial of due process, and any damages would be a result of this Forensic Fraud and current illegal withholding of Evidence and the Proximate results of the actions of Defendants and each of them.

---

**7** GRIER V. KLEM, 591 F.3d 672, where a prisoner files a 42 U.S.C. § 1983 claim to request evidence for DNA testing, that claim was not barred by the principles outlined in HECK; (in Plaintiff's case the DNA is already tested, and State is intentionally withholding to suppress the truth on DNA now as of Evidence Hearing, Forensic Fraud on record).

## RECKLESS DISREGARD – PUNITIVE DAMAGES

**33.** The actions of Defendants and each of them were:

a. Malicious or recklessly indifferent to the Plaintiff's constitutional rights, and

b. Taken in the face of a perceived risk that they would violated Federal Law.

**34.** Plaintiff is entitled to awards of punitive damages against Defendants and each of them in their individual capacities, in order to punish them and to deter others.

## NO QUALIFIED IMMUNITY 8

35. The conduct of the Defendants was not based only on a mistaken but objectively reasnable belief that directly, knowingly, willingly, purposely, in bad faith, with ill intent to violate Civil Rights of Plaintiff during a Felony Trial where his Life was on the line and could be taken from him, **fabricated forensic evidence to a jury to mislead them from the facts** and **multiple record offenses, and** scientific facts opposite of what they were presenting to the jury, and therefore Defendants are not entitled to qualified immunity.

36. . There was no conflicting information that not be immediately resolved, and chose to inject Fraud to Court and Jury during a Felony Trial.

37. All of the Defendants were plainly incompetent and/or all of the Defendant's knowingly violated the law, and continue to.

38. **Falsification** of evidence, **Suppression**, and related dishonest practices diqualify police defendants from invoking the affirmative defense of qualified

---

3 INECO V. CITY OF CHICAGO, 236 F.3d 994, 1000-01 (7th Cir. 2002); Grier, 849 F.2d at 1559, [i]f an officer suppresses exculpatory evidence he violates clearly established law.

17

immunity.

39.   Knowingly  presenting  evidence  Prosecutor(s)  and   police  are   fully knowledgable are falsely misleading a jury during a felony trial renders their official  belief  in  justice  is  on  record  by  this  evidence  existence  of unreasonable and a total disregard for Constitutional Rights of the Accused, and qualified immunity is not entitled to any person that on record did that, and this record is not disputable as it is on official transcript and filings.

### COUNT I

### FIFTH, SIXTH, AND FOURTEENTH AMENDMENT
### FABRICATION OF DNA EVIDENCE TO JURY
### AGAINST DEFENDANT LEAH CHANEY AND
### CASEY BROOKS

40.   Plaintiff incorporates by reference all prior paragraphs.

41.   During Plaintiff's felony trial where it was on record A.G.'s accusation was that it happened the night before, no change of clothes, shower, wearing a "Panty liner" also known as a "mini pad", and Defendants Brooks and Chaney knowingly  provided  the  jury  with  false  DNA  evidence,  and  suppressed  the scientific results of the DNA tests to the jury by fraud.

42.   On inference both prosecutors were fully aware they were fabricating and suppressing DNA true results from the jury.

43.   Purposely kept all three State DNA Experts from the trial so that they 8(b) could mislead the jury from fact evidence from two of the Experts at Evidence Hearing that was opposite what they presented to the jury.

44.   In order for this to be  successful a Conspiracy of at least two or more people had at least one conversation to achieve this Fraud, and that damage to a person was the result of that meeting, and Brooks and Chaney had to be

8(b) MELENDEZ-DIAZ v. MASSACHUSETTS, 557 U.S. 305 ["All must testify"]

18

discussing this in detail to achieve this type of jury fraud.

**45.** Both Brooks and Chaney were fully knowledgable when they fabricated the False Stipulation to the jury to intentionally mislead them from the scientific facts in the case.

**46.** Both Chaney and Brooks knew that they were misleading Counsel into believing "only two spots were tested on the whole comforter" when the facts are not only was all the spots tested, but there is no protocal to stop testing "regardless all get tested", and puts direct fraud to the Defense on record during a felony trial, as Jury was misled in Defense opening and closing statements, and the record is not disputable.

**47.** Both Chaney and Brooks were fully aware that only two lab reports went to the jury to cover that the STIPULATION was False, as both Fraudulently kept reports #10 and #12 contained data that would have informed them they were duped on DNA evidence by them.

### PREMEDITATED

**48.** FACT: Only the Fronts of all the Lab Reports were ever provided to the defense, and only the Front Covers of two Lab Reports #11 and #13 were provided to the jury, and it is not realistic in a case under a "just happened alleged act" and "no change of clothes or shower" that Chaney and Brooks did not receive from the Highway Patrol Lab the entire contents of the Results of the Lab examinations.

a. Both Chaney and Brooks knew when they fooled Defense Counsel based on evidence from Evidentiary Hearing incorporated by reference all prior paragraphs, that

b. The DNA of Mr. Ordoukhanian was not from Sperm, but "consistent with

19

sperm", which could be blood, or even saliva, and premedited the concealment of this to Fraud the Court, Jury, and Defendant in the case.

c.    Legal File Discovery clearly shows "1 page" for each Discovery on Lab Reports, explaining Counsel's dillusional false statements on DNA to jury in opening and closing.

c.    Chaney and Brooks would have used any guilt evidence they found, but did not find it or they would not have had to fabricate.

d.    Askey actually premeditates to a VENIREMAN that later she put on the jury after giving her this false DNA evidence:

e.    (TTR 68)Premeditated DNA Fraud to Juror: MS. ASKEY: Okay. Do you think that there would be evidence of oral sex if it occurred a **week before**?

VENIRMAN SANDERS: Not Likely.

f.    Again, fraud to another Juror that wants more than testimony and later served on Jury: (TTR. 67) VENIREMAN WOLLENBRINCK: "Testimony evidence just like the lady said, doesn't really mean much if they're a liar and a good liar."

MS. ASKEY: Okay. Now we're really going to get to the meat and potatoes of it. These kind of cases are tough right?

g.    (TTR. 69) Askey continues the fraud to later juror after "one week later" fraud as this case is under about a 12 hour allegation to evidence recovered:

MS. ASKEY: Do you believe that there would be evidence of tht?

VENIREMAN SANDERS: Probably not.

MS. ASKEY: Okay.

MS. SANDERS. If you put it that way.

h.    Finally Motive to Fabricate is on record at (TTR. 70) when Askey loses her cool knowing the real DNA evidence she is about to fabricate and/or conceal, is opposite to the truth.

(TTR. 70) To Judge at Bench: MS. ASKEY: My point is, if they **need more**

20

than what the kid is saying, then this isn't the case for them to sit on.

i.   This was the final straw for her; she now knew she was going to fabricate the DNA this record proves was motive to fabricate.

## RECKLESS DISREGARD/CIVIL RIGHTS

J.   This record amounts to brutal and inhumane abuse of official power.

k.   The actions of defendant Chaney and Brooks as described in this Count acted recklessly opposite established Rules of Professional Conduct and rights of civilian the accused.

## PUNITIVE DAMAGES

The actions of Defendants Chaney and Brooks discribed in this Count were:

a. Malicious or recklessly indifferent to the Plaintiff's Constitutional Rights, and

b. Taken in the face of a perceived risk that they would violate federal law.

## PRAYER

WHEREFORE, Plaintiff prays for judgment under the Fifth, Sixth, and Fourteenth Amendments and pursuant to 42 U.S.C. 1983 against Former Prosecutors Leah Chaney and Casey Brooks, in his individual capacity, for knowingly, **9** purposely, willingly, fabricating and concealing DNA evidence directly to a jury for compensatory damages in excess of $10,000,000 and for punitive damages, for reasonable attorney's fees and non-taxable expenses, for costs, and for such other relief as the court finds to be just and reasonable, which includes Summary Judgment for State to release the Entire "Nick Gerhardt Trace Report" to current attorney, as the withholding of this currently makes this an ongoing

---

9 See, e.g., KYLES V. WHITLEY, 514 U.S. 419 (1995) (defendant first learned of the exculpatory evidence during his post-conviction review in State): Plaintiff had no course at Trial or Direct Appeal, and even when this multitude of Fraud was exposed at Post Hearing, The State has decided to continue a path of concealment and ignoring of Due Process to continue, instead.

Civil Rights Violation to Due Process.

## COUNT II

### FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS
### ON RECORD HAD A NON-EXPERT WITNESS
### PERJURE FABRICATED "TRACE, TOUCH" DNA RESULTS
### TO PLAINTIFF'S JURY
### AGAINST DEFENDANT'S CHANEY AND BROOKS

49.   Both Prosecutors had a witness, CARA CHRISTANELL, a nurse that did a follow up exam on A.G. on June 17, 2014 to ensure she was fine, to tell the jury that the Rape Kit, not admitted into evidence, from an exam she did not do on May 24, 2014 day of allegation and alleged act, that under prenalies of perjury, that was "Trace Evidence" "DNA" from an exam she did not perform, from the exact LAB REPORT kept from the jury—told to jury—and now is being kept from Plaintiff in an ongoing attempt to continue these documented Civil Rights violations, in order to protect themselves, perjured the following:

50.   MS. CHRISTANELL: (TTR. 530-531) A. In May she had gone to Cardinal Glennon after disclosing sexual abuse and she had gone to the ER in the **acute** timeframe that I keep mentioning. So in that timeframe. **So Cardinal Glennon did -- the emergency room did a complete examination on her and actually had obtained trace evidence. They did a DNA kit.** Again it was in that timeframe where we **10** would give a child who has started her period, which she had, immediately to prevent infection. So..

   A. Then when I saw her though mine was just a follow-up exam.

---

10 ALCORTA V. TEXAS, 355 U.S. 23, 31 (1957) (granting relief based on the prosection's failure to correct misleading testimony, despite the fact that the testimony was not clearly false), OPPOSITE Plaintiff's case, where the statement, "They obtained Trace Evidence. They did a DNA kit" referring to the RAPE KIT done just hours after allegation that netted no Trace Evidence, clearly violated Due Process during the felony proceeding.

51.   This perjury on DNA came from a non-expert that did not do the exam she
is giving false results to that state there was Trace Evidence in the Rape
Kit, she did not do, when in fact, there was no Trace evidence.

52.   Ms. Chaney and Ms. Brooks **set this up earlier** at (TTR. 521)

MS. ASKEY: Q. You said you're looking for Trace evidence. What
specifically are you looking for?

MS. CHRISTANELL: A. We're looking for DNA from the alleged perpetrator.

MS. CHANEY: Q. And when you're looking for DNA, how do you go about trying
to collect that?

MS. CHRISTANELL: A. It's collected by swabs and then they're sent to
the state crime lab.

MS. CHANEY: Q. Is that DNA specific of any -- let me rephrase that. Is
there any specific type of DNA that you're looking for when you're doing swabs?
MS. CHRISTANELL: A. Usually we are looking for semen. **And then there is some
like trace or touch DNA, too. But that's rare.**

53.   Ms. Christanell was subpoenaed to appear at November 9 Evidence Hearing
and even though it stated on her Subpoena twice, "Person to Appear" the State
needed her not to be there and had another witness from the Hospital with no
relation to this case at all, Ms. Weston appear instead.

54.   This record of perjury done by Ms. Christanell to a jury during a felony
trial is a "B" Felony under R.S.Mo §575.040(7)(1) as this is perjury during
a felony trial, elicited by both Brooks and Chaney that have full knowledge
perjured DNA evidence is being put a jury under their desire to suppress the
truth by malicious means.

55.   It is premeditated by (TTR. 521) using the "RARE" and then stating it
was found to jury at (TTR.530-531).

56.   The State is continuing the Due Process violations when Attorney asked

23

for this report and State refuses to provide it, as if they "obtained Trace Evidence" they would have made it "Exhibit A", but instead to date continue to deny due process on evidence that should have been provided prior to trial.

57.   The purpose of the perjured DNA was to formulate to the jury there is no legitimate reason for innocence if "Trace" evidence "DNA" came from the **ACUTE** exam she did not do.

58.   The Defendants actions of eliciting perjury from witness by means of fabricating and purposely ignored the true evidence suggesting defendant's innocence and/or use of systematic pressure to implicate the defendant in the face of contrary evidence, is not only violative of due process rights of the accused, too, the act itself constitutes an immoral and unethical record of abuse.

59.   The actions of both Ms. Chaney and Ms. Brooks a described in this count were objectively unreasonable and egregious under the Fifth, Sixth, and Fourteenth Amendments.

60.   The conduct of Ms. Chaney and Ms. Brooks as described in this count:

a.   Was truly egregious and extraordinary.

b.   Shocks the contemporary conscience.

c.   Was reckless and amounts to brutal and inhumane abuse of official power.

d.   Is a documented record of a malicious prosecution by direct fraud.

## PUNITIVE DAMAGES

**61.   The actions of Defendants Chaney and Brooks as described in this cout were:**

a.   Malicious or recklessly indifferent to the Plaintiff's constitutional rights, and

b.   Taken in the face of a perceived risk that they would violate federal law.

24

c.    In the State of Missouri actually a "D" felony charge of subordinated
perjury under R.S.Mo § 575.040 (7)(1) knowing use of perjury during a felony
trial is the same as perjury, and both attorneys qualified immunity is not
entitled by documented perjury, and should be put under immediate investigation
and review for violations of professional conduct involving Missouri Statute
Felony acts, **and**

d.    Plaintiff incorporates by reference all prior pragraphs.

## PRAYER

WHEREFORE, Plaintiff prays for judgment under 42 U.S.C. 1983 and 1988
against Ms. Brooks and Ms. Chaney in thier individual capacity, for eliciting
perjured DNA evidence by subordinate perjury, and the record is uncontestable,
documented, and Plaintiff seeks damages in excess of $10,000,000 and for
punitive damages, for reasonable attorney fees, and for relief court finds
just and reasonable.

## COUNT III

### FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS

### CONCEALMENT AND USE OF

### COMPUTER FORENSIC EVIDENCE

### PUT FRAUD TO JURY DURING

### FELONY TRIAL

### AGAINST MS. BROOKS AND MS. CHANEY

**62.**   Plaintiff incorporates by reference all prior paragraphs, and
puts on record both defendants in Count III had full knowledge the Time Stamps
of the 2,000 Child Erotica Images were outdated to Plaintiff during a felony
trial, and used it against him anyway.

**63.**   Both defendants knew that when the State Computer Expert stated "RAY"

25

account was attached to the 2,000 images, that was perjury and that every single 2,000 images were attached to Account "Magic Jack" and located in unallocated space not connected to anyone under:PC1HD1.E01/Partition 1/NONAME], and nothing not one single image was under "Ray" put to the jury during a felony trial.

64. Prosecutors Brooks and Chaney never believed Plaintiff would ever get access to that evidence as Court Denied Access on August 09, 2017 just days before trial on Computer PC1 HD1 to Plaintiff's Computer Expert.

65. All this changed on July 13, 2021 when Public defender's office received all that evidence when they requested from New Prosecutors that were unaware of what they were supplying;

a. Public Defender wrote: "We are looking for the dates the images were deleted from the computer.."

b. Later that year when Plaintiff fired his Public Defender over 500 pages of RAW Computer Data from PC1 HD1 arrived at his facility that included a print out of all the 2,000 images, currently in the possession of Plaintiff.

c. Not one image is under "Ray" account, and all are under "Magic Jack" and "NONAME", opposite what was told to jury.

d. "GOOGLE ANALYTICS" was also included and contained evidence of the photos downloaded years before Plaintiff got it out of a dumpster in 2011; all photos downloaded between years 2000-2011.

e. All photos were in unallocated space opposite this testimony:

MR. SINCLAIR: Q. (y)ou weren't able to accociate them to a specific user?

MR. MCCLAINE: A. Right.

MR. SINCLAIR: Q. But not all of them were unallocated necessarily?

MR. MCCLAINE: A. No. They were allocated to both Magic Jack and **Ray** and then unallocated.

MR. SINCLAIR: Q. Okay.

MS. BROOKS: I don't have anything further.

f.   Ms. Brooks knew right there and then that Defense counsel unknowingly just committed fraud as not one image is "Allocated to Ray", as all 2,000 images are only under "Magic Jack" on file at Public Defender's office, Columbia Missouri, and Plaintiff's possession.

66.   McClaine State Expert on Computers testified that he may have his reports with him during cross exam, and Ms. Brooks panics for Mr. McClaine does not work for Law Enforcement, and she made sure not to subpoena his non-written report with dates, etc., and actually had to RE-DIRECT to make sure he does not have reports:

a. REDIRECT EXAMINATION -- (TTR. 468-470)

BY. MS. BROOKS: Q. You said a lot here, I have to refer to my report. You don't mean -- Do you mean your actual physical written report that we have here today?

MR. MCCLAINE: A. That is correct. I'm sorry. I did refer to it.

Q. You referred to two separate reports?

A. Yeah. That's correct.

Q. One is a written one. What's the other report you are referring to?

A. So this is the written report. And it can be supplemented with a disk where  that information is then provided to the investigator to review.

Q. And that disk is typically kept in St. Charles at the sheriff's department?

A. No it is provided to the investigator.

Q. Or to the investigator?

A. Correct.

Q. But you no longer work for non-law enforcement, right?

A. Correct. Private.

Q. And that wasn't something that you would be able to  have access at

27

this point?

A. No, I would not.

Q. I just asked that because a lot of times you said a lot, I refer to that report. So --

A. -- No. Sure.

Q. **When you did your initial analysis, would you have looked at the time stamps of those pictures?**

A. ..But as I sit here today, I don't believe I looked specifically at those access times, just the fact that it was there and it was associated with these accounts.

Q. Okay. And if you noticed something odd, such as something -- I mean **time stamps** from twenty years ago, would you have noted that?

A. Absolutely.

67.    Prosecutor Brooks is asking this line of Re-Direct for she is completely knowledgeable of the computer fraud now in the possession of Plaintiff and supplied to this court to verify the fraud.

68.    Brooks had to make sure he did not have those reports in case jury requested them, to which they did:

a. "We would like to see the court transcript of Larry McClain's testimony. And if possible, **the original report he did. :5:28 PM.,** to which the Court responded:

b. "YOU WILL RECALL THE EVIDENCE AS PRESENTED TO YOU. I AM UNABLE TO GIVE ADDITIONAL INFORMATION. JUDGE BECK, written in all caps, so

c. Jurors most likely got alerted by her RE-DIRECT as it seemed like she was wanting to make sure, no report, dates of images in question, and it was obvious she was seeking to conceal those, and

d. Jury should have had access and if they did they would have known

This "stamps and "accounts "Ray" not the image order would have let jury know the truth: Prosecutors were using Inflammatory evidence to impugn Plaintiff's character and defame him to get a conviction, and that Prosecutors were malevolent.

68.  Mr. McClaine had to be willing to do fraud as early as 2015 during his December 11, 2015 Deposition two years to trial as he perjured under oath the following:

a. (DEPO. 13) MR. SINCLAIR: Q. Okay. Of the two-thousand images, are they all associated with the Ray and Magic Jack accounts.

MR. MCLAINE: A. Yes, sir.

b. This is perjury as all 2,000 images are all under "Magic Jack" and almost 4-5 pounds of paper with all 2,000 images proves it.

69.  Trial Counsel Put two Motions in to keep out "INFLAMMATORY" and "IRRELEVANT" on the "Child Erotica" to be kept out, and had Mr. Sinclair had the Reports now in possession, the Court would have had to "GRANT" motions, and not do this now known erroneous act of a Judicial Defect to allow Fraud to inflame a jury:

a. Judge--Pre-Trial Hearing August 10, 2017: "I'm going to allow it." on the Child Erotica.

## COURT PREJUDICE REPEATS AT EVIDENCE HEARING
## AS RIGHT TO CONFRONT MS. BROOKS ON THIS
## EGREGIOUS RECORD OF USING FALSE EVIDENCE TO
## IMPUGN AND CONVICT WAS DENIED

71.  Evidence Hearing November 10, 2022 DAY 2, as Mr. Ordoukhanian, Plaintiff subpoenaed Ms. Brooks to confront her and Court denies after being informed of Computer Fraud in possession and put in already as EXHIBITS:

a.  (TR. 313) MR. ORDOUKHANIAN: And then what I'll do is, after I -- I go

over this with her, I'm going to ask Mr. Sinclair did he **know this?**

MR. CHRUM: Your Honor --

THE COURT: Well, first of all, you're talk -- these are e-mails or these are on your computer?

MR. ORDOUKHANIAN: No, no, these are computer data printouts of the computer that was used at trial that said I had child erotica on there and one child porn image. And it was a computer that was in the hallway that I got out of a dumpster and the dates on here show that it's not related to me.

LINE 19-20: THE COURT: I'm going to sustain the State's objection to Ms. Brooks testifying.

71.    This is the second time a court has violated on record Mr. Ordoukhanian's right to Due Process to face those against him with evidence on file that proves his rights are violated.

## RECKLESS DISREGARD FOR CIVIL RIGHTS BY FABRICATION

72.    The actions described by record proof on file evidence outlines a complete and utter disregard for the truth and was truly egregious and extraordinary:

a.    Defamed Plaintiff that all his computer evidence spanning over two decades had not one minor search or minor download, State Expert explained he would find if it existed by a process called "carving".

b.    Amounts to brutal and inhumane abuse of official power.

c.    Humiliation on evidence not attached to him, known by Defendants as they presented this to a full courtroom, family members, and jury.

d.    No qualified immunity can ever be available to anyone that would do this egregious malevolent act of knowingly, with ill intent and purpose, against a person that served twice to deliberations as a juror, Plaintiff.

## PUNITIVE DAMAGES

73.    The actions described in this Count Defendants Chaney and Brooks were:

a.    Malicious and recklessly indifferent to Plaintiff's constitutional rights,
and,

b.    Taken in the face of a perceived risk that they would violate federal
law.

## PRAYER

WHEREFORE, Plaintiff prays for judgment under 42 U.S.C. 1983 and 1985 against Leah Chaney and Casey Brooks in their individual capacity, for the illegal use of fabricated computer evidence in a felony jury trial against Plaintiff, and for the deliberate suppression of evidence from Defense, Court, and Jury, for compensatory damages in excess of $10,000,000 and for punitive damages, reasonable attorney's fees and non-taxable expenses, for costs, and for such other relief as the court finds to be just, meet and reasonable with an Order to State Disciplinary Council to address this record and hold Defendant's accountable.

COUNT IV

FIFTH, SIXTH , AND FOURTEENTH AMENDMENTS

DIRECT PERJURY AND SUBORDINATED

PERJURY DIRECTLY TO A JURY

THAT PLAINTIFF "DESTROYED" AND "BEAT UP

BADLY" HIS LAPTOP IN AN ATTEMPT TO

REMOVE EVIDENCE AGAINST HIM,

WHEN IN 2021 6 YEARS LATER

CRIME LAB PHOTOS REVEAL

LAPTOP CONDITION OPPOSITE PRESENTED TO

JURY, AND KEPT FROM DEFENSE

AGAINST MS. CHANEY, MS. BROOKS, AND DETECTIVE McCARRICK

74. On August 15, 2017 during Plaintiff's felony trial Ms. Brooks on direct examination had Detective McCarrick (TTR. 423) Perjure to the jury the following, not disputable by Year 2021 State Lab Evidence Photos:

a. MS. BROOKS: Q. Okay. Can you describe the condition of the laptop computer when he gave it to you?

DETECTIVE MCCARRICK: A. It looked like it got **run over by a tank.** I mean, it was pretty much **destroyed.** The power source had been removed and it had been **beat up pretty badly.**

75. In 2021 when Plaintiff fired his Public Defender she had to send him everything in her possession, and Crime Lab Photos of the "Dell" Laptop were included.

76. The New Prosecutors as Ms. Chaney and Ms. Brooks no longer work there provided the photos that to date were never in the possession of the defense, reason there is no objections to perjury (TTR. 423) noted above.

32

77.    With Photographic Evidence "ATTACHED "PHOTO" there is no argument available for Defendants on Count IV, for it is all documented when matched to the jury transcript fraud.

78.    Ms. Brooks set it up, now egregious by new evidence 2021, at (TTR. 449) when she had the State Computer Expert state:

a.    MS. BROOKS: Q. What about the laptop?

MCCLAINE: A. There was nothing of evidentiary value that I located on the laptop.

79.    Detective McCarrick's prior tesimony "destroyed" etc., fooled the jury into believing there may have been something on there at (TTR. 449), but since Plaintiff "destroyed" it, that explains why there was not, when Brooks, McCarrick, and Chaney all knew full well this was perjury and fraud on the court.

80.    On November 09, 2022 Evidentiary Hearing Detective McCarrick committed perjury once again when the only photo not shown was the back of the Laptop screen he perjured this:

(TR. 221) DETECTIVE MCCARRICK: A. The Photos that you provided me, none of these show the top of that laptop, that backside of that laptop that was smashed in, which why I asked you if it looked like you had been trying to detroy it, and you said, no, it was just old.

81.    On November 10, 2022 second day of Evidence Hearing Plaintiff went back to his Facility he brought the "Back photo" McCarrick claimed was smashed, and actually put it into evidence (TR. 4) "27.....Photo of Dell Computer and Related Notes........ID..455....RCVD..456", that included State Expert notes that there was one small crack visible on the front lower corner, and scratches from normal wear and tear, putting McCarrick now committing perjury during the Evidence Hearing to cover himself.

33

82. (TR. 454) THE COURT: Q. was that --was that photo ever in evidence in the trial, the one you want to put in?

MR. ORDOUKHANIAN: A. It should have been. We didn't get it -- I didn't get it till, like August 22nd of this year, Your Honor.

83. (TR. 456) (AT THIS TIME MOVANT'S EXHIBIT 27 WAS RECEIVED INTO EVIDENCE AND MADE PART OF THIS RECORD), and to date with a "BRADY MOTION" filed on it, the State Court's refuse to address this direct perjured fraud opposite the facts in the case on photo evidence, and the fact that to achieve this:

a. Defendants had to suppress photos from Defense, proven by June 6, 2019 Discovery from Counsel to be able to object, when his Discovery containing all the Computer Photos, did **not** contain the Laptop Photos, and

b. Defendants had to conspire to deprive Ordoukhanian of his constitutional rights, each is jointly liable for his or her co-conspirators' acts in furtherence of this conspiracy to documented fraud, and

c. (1) two or more persons -- [this is impossible to do without discussing prior to testimony], and

d. (2) an object to be accomplished, [object was to fool the jury into believing Laptop was **void** of "anything evidentiary" because it was "destroyed", and kept from Defense so it could be achieved, successful fraud], and

e. (3) a meeting of the minds on the course of action to be taken, [fraud to make Plaintiff look like he had some minor material on his Laptop, reason he "destroyed" it], and

f. (4) the commission of one or more unlawful acts, [withholding of photos to Defense to seek truth, and all defendants committing Perjury and Sub-Perjury one in the same, under R.S.No § 575.040 (7)(1) as (7)(1) makes it a B felony crime during a felony trial.]

g. (5) damages as the proximate result of the conspiracy, [Jury went to

34

deliberations believing that the laptop Ordoukhanian took with him was "beat up, badly" by him, "destroyed" and in the end of the Detective's now documented perjury, "run over by a tank,", and all this was opposite the truth, that no minor material was on his laptop, desk computer HD-2, his 500gb Hardrive or his Iphone, because he did not search for minor material over a span of computers multiple years since mid 2000, and conspiracy damage complete, jury was misled.

84. (TR. 454) MR. ORDOUKHANIAN: The -- but the -- the -- the perjury of Detective McCarrick said this was smashed yesterday, and he need -- this needs to go into evidence, because it was not smashed.

85. Bar rules violated are so abundant, most prevalent: Rules 4-3.3(a), 4-3.8(F)(6), 4-3.4(a) unlawfully obstruct, 4-3.4[2] falsifying evidence is also generally a criminal offense, and many more.

86. Judge Frawley was presented with this evidence as it is not in the State's best interest to address this fraud under his duty under Rule 2-2.15 "Responding to Attorney and Judicial Misconduct", ignored the "BRADY MOTION" and in doing so, has put on official record a multitude of civil rights violations in a perpetual ongoing record of continued abuse of process.

### RECKLESS DOCUMENTED FACTS

87. Defendants BROOKS, CHANEY, AND MCCARRICK acted recklessly.

88. A State actor acts recklessly when he or she:

   a. Purposely fabricates evidence to formulate the pretext a false        s
   scenario,

   b. Purposely withholds evidence to formulate that false scenario,

   c. Was truly egregious and extraordinary.

   d. Shocks the conscious.

   e. Was brazen to accomplish during a felony trial and amounts to brutal

35

and inhumane abuse of official power, and

f. That an documented Trial and Evidentiary Transcript unacceptable systematic pressure to implicate the Defendant in the face of contrary evidence.

89.    The conduct of the defendants in this documented count went far beyond mere negligence and documents defamation by means of direct conspiracy to defraud Plaintiff's rights to due process during a felony trial where his life hung in the balance.

## PUNITIVE DAMAGES

90.    The actions of Defendants Chaney, Brooks, and McCarrick in this Count were:

a. Malicious or recklessly indifferent to the Plaintiff's constitutional rights, and

b. Taken in the face of a perceived risk that they would violate federal law.

## PRAYER

WHEREFORE, Plaintiff prays for judgment under the Fifth, Sixth, and Fourteenth amendments and pursuant to 42 U.S.C. 1983 and 1988 against Defendants Leah Chaney, Casey Brooks, and Detective Ryan McCarrick, in their individual capacity, for fabricating a false scenario by utilizing a criminal act of [11] perjury multiple times to a jury falsifying evidence they all knew was not [12] truth of the matters known to them, and had to conspire to achieve, for compensatory damages in excess of $10,000,000 and for punitive damages, for reasonable attorney's fees and non-taxable expenses, for costs, and for such other relief as the court finds to be just meet and reasonable.

---

11 PYLE V. KANSAS, 317 U.S. 213, 215-216(1942) (concluding that the prosecution's knowing use of perjured testimony constituted "a deprivation of rights guaranteed by the Federal Constitution").
12 NAPUE V. ILLINOIS, 360 U.S. 264, 269 (1959) ["The prosecution can not present evidence it knows to be fals(e)"].

[PLAINTIFF INCORPORATES BY REFERENCE ALL PRIOR PARAGRAPHS]

COUNT V
FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS
DEPUTY ON RECORD CEASED

QUESTIONING OF A.G. AT URGENT CARE

AND GOT MULTIPLE WITNESSES TO PERJURE

DOCUMENTED ON FOLLOWING RECORD

AGAINST DEPUTY DOHERTY, MS. CHANEY, AND MS. BROOKS

91.   "Ceased Questioning" document outlines perjury as evidence in document proves "SSM DISK" is not being provided due to attempt to cover multiple perjuries that jury never heard or knew about, that are already documented.

92.   On January 25, 2022 Plaintiff received from his now Fired Public Defender the Full Document.

93.   In the document Deputy Doherty admitted at the Evidentiary Hearing she did remember "Ceased Questioning (TR. 130-131).

94.   The problem is that Jeanne Bucholz and Emergency Room Nurse was noted in Ms. Doherty's Report admitted on (TR. 133) that all RN Bucholz did was collect her clothing, and "A.G. Refused to Talk" document that included "Ceased Questioning" happened prior to A.G. encountering RN Bucholz at the Emergency Room.

95.   This puts on record that A.G. never spoke with RN Bucholz, even though Bucholz testified at $491.075 Hearing and Trial she did, reason it was covered up until Plaintiff got full copy in 2022.

96.   BY MR. ORDOUKHANIAN: Q. Okay. Do you remember that?
      THE COURT: Remember what?
      MR. ORDOUKHANIAN: Q. Ceased questioning of A.G.?
      DEPUTY DOHERTY: A. Yes.

97.   (TR. 131) BY MR. ORODOUKHANIAN: Q. The only two people in that report prior to that was my wife and Marcia-Roye Madison, the examining Nurse? To

37

which Deputy Doherty states: A. "I wasn't there." to which is not truth of matters known and admitted by her on record just moments earlier, that not only was she there, she "Ceased Questioning" of A.G. after Examining Nurse and Mom spoke with her, noted in Document.

98.   Now it is on record all of Ms. Bucholz testimony is perjury that A.G. told her anything, and on record in Document: "I told A.G. that the people at the CAC would be the ones to ask her about what had happened.."

99.   The Document Proves, (put into record at Evidence Hearing) that the only people that spoke with A.G. prior to "Ceased Questioning" was Mom, and RN Madison, examining nurse.

100.   When A.G. got to Cardinal Glennon Hospital in St. Louis from "Ceased Questioning" Lincoln County Urgent Care, a Caseworker name Natalie Lanning interviewed A.G. after her 4 hour SANE exam for Forensic Evidence and for signs of sex for which to date, it is documented that there wasn't **either.**

101.   Ms. Lanning was told by A.G. she believed she was there for a "backache" and Ms. Lanning stated in her report "I have to contact everyone at the Urgent Care and take statements, to which the first person she spoke to via phone call interview was Marcia Roye-Madison Examining Nurse.

102.   In the report [that is on SSM Disk State refuses to provide], was the actual interview with RN Madison to which she tells Ms. Lanning A.G. disclosed sex and that it happened the night before, and it was her stepfather.

103.   All this was erased at December 7, 2015 491.075 Hearing Madison stunned both Counsel and Prosecutors when she now stated, "I only heard everything from the Mother."

104.   At the first 491.075 Hearing [July 20, 2015] RN Madison could not be reached so Ex-Wife took the stand not knowing that when RN Madison was going to testify a few months later, her story would be documented perjury, still

on record now.

105. When Plaintiff put the "SSM Disk" into evidence that had "over 150 pages" into evidence the State did not know it had the "Dr. Madison" interview on it, and when they did discover that, they did this:

## STATE REFUSES TO PROVIDE BY LAW SSM
## DISK THAT OUTS THE §491.075 STATUTE ABUSE
## TO DEFENSE COUNSEL TO DATE

106. On or around August 14, 2023 Prosecutors sent Plaintiff 29.15 Pro Bono Attorney Nancy McKerrow a **FLASHDRIVE** of around 70 pages off the disk, putting on record they want to conceal at least 70 plus more pages left on disk:

a. (TR. 38) MS. WESTON: Because it was over **150** pages, so we had to put it on a disk.

THE COURT: It's on a disk. Okay.

b. (TR. 41) THE COURT: The disk will be Exhibit 3, received.

107. In early June Prosecutors provided every Exhibit and Evidence from Hearing except, "Disk of SSM Health Cardinal Glennon Records".

108. Deputy Doherty is on record abusing the §491.075 Statute on that disk, and the State will have to provide it, as the following includes current damage by this withholding:

## ATTORNEY FORCED TO FILE EXTENSION FOR
## CAN NOT MEET STATE DEADLINE ON
## LEGAL FILE MISSING DISK

109. On August **28, 2023** due to missing "SSM DISK" Plaintiff's civil rights to Appeal were on record violated as Attorney did not have a complete LEGAL FILE to File due on September 5, 2023 as September 4, 2023 is a Legal Holiday [Labor Day], and without "SSM DISK" from Evidence Hearing the Legal File would not be complete.

39

## RECKLESS DISREGARD FOR RIGHT TO FAIRNESS

## BY GETTING WITNESSES TO PERJURE

## AND THEN COVERING IT UP

**110.** The record evidence on file clearly shows Deputy Doherty got multiple witnesses to perjure using the §491.075 Statute as the evidence in the document reads at Urgent Care "A.G. refused to talk" but later [ON DISK ACTUAL RECORD INTERVIEW] states and documents fraud of §491.075 Statute:

"A.G. refused to talk and Christina and A.G. were left alone in the room. Upon returning (RN MADISON), the nurse was told that A.G. and her step father Raymond had been sexually active. [**Documented Perjury--ON DISK**], **"Angela had disclosed to the nurse that it had been ongoing for approximatley two years, and had recently progressed into intercourse."**

**111.** [§491.075 Hearing, RN MADISON] (SUPP.TR. 46): MS. BROOKS. Q. Okay. And did you have any conversations with A.G. herself about what was going on?

RN MADISON: A. No.

(SUPP.TR. 47) MS. BROOKS: Okay, so as far as the conversations that occurred between you and A.G. herself, is that limited to just the initial conversation about the sore throat and the pregnancy test?

RN MADISON: A. Yes.

### OPPOSITE THE TRUTH EX-WIFE

### PERJURY DOCUMENTED AND TO

### DATE STATE TO PROTECT ITSELF HAS

### DONE ABSOLUTELY NOTHING

### EXCEPT CONCEAL IT FROM JURY

**112.** [JULY 20, 2015] First §491.075 all perjury based on above listed RN Madison December 07, 2015 testimony opposite this perjury:

DIRECT EXAMINATION BY MS. BROOKS:

40

(SUPP.TR. 8) Q. Okay. And the doctor came back on and then what happened?

A. After -- you know, she asked her again. Made her understand that they were going to do a pregnancy test. At that point I just told her that she needed to tell us what was going on, and that's when she **told us.**

Q. Okay. And what did she tell you?

A. She **told us** that she -- I asked her, I said, "Have you had sex with someone?" She said, "Yes."

(SUPP.TR. 9) I said, "Who was it?"

And she said, "It was my dad."

I said, "When you say your, do you mean Ray?"

And she said, "Yes."

Q. Okay. And did she expand any further at that point?

A. No.

Q. Okay. And who was -- do you remember the name of the doctor?

A. I believe her name was Marcia.

Q. Okay. Marcia Roye-Madison?

A. I didn't know her last name.

[Line 23--further perjury] Q. Did she say when it happened?

A. The doctor did ask her when was the last time the occurrence had happened, and she had said the night before.

**ALL OF THIS PERJURY IN HER JULY TESTIMONY**

**IS DOCUMENTED ON SSM DISK STATE REFUSES**

**TO PROVIDE TO PROTECT**

**STATUTE NOW DOCUMENTED ABUSED**

**113.** On **January 05, 2016** just a month later after December 7, 2015 RN Madison put perjury on the record by both RN Madison and Ex-Wife, Judge Beck signed under § 491.075 knowing full well perjury was on record as he went over all

41

documents including SSM Material and listened to both **opposite stories** from
Ex-Wife and RN Madison, and signed that they were credible to testify under
"Section 491.075 RSMo., the statements made to C.C.--EX Wife, Deputy Doherty,
J.B.--[ER Nurse], and RN Madison will be admissable as substantive evidence
to prove the **truth** of the matter asserted.

**114.** The actions by this record proof on file evidence outlines a court [Judge
Beck Recused after §491.075 Filings] protecting the State's interests, and
current prosecutors assisting to date to cover it up, and it all began with
Deputy Erin Doherty and her decision to get RN Madison to perjure that day,
and afterwards get RN Bucholz to perjure, not knowing a hearing on December
7, 2015 would put it all on record when RN Madison refused to perjure herself,
(SUPP.TR. 46) "[I] don't want to perjure myself", and (SUPP.TR. 48) "I don't
want to perjure", and Deputy had no regard that she put this witness as a
perjure already in SSM Records, as her sworn statement to Caseworker Lanning
stating perjury A.G. told her everything is on record on Disk, and Deputy
Doherty was reckless and willing to break the law and should not have any
immunity, for not only putting herself in jeopardy, but others as well, and

a.    Amounts to abuse of process of established law and is actually a record
of a police official committing a felony crime under §575.040 RSMo.

b.    Amounts to brutal and inhumane abuse of official power.

c.    Put Ex-Wife on record perjury on July 20, 2015 by faking a story RN
Madison was told evidence of an assault when December 7, 2015 documents she
was not, and now Ex-Wife faces §575.040 Perjury due to Deputy Doherty's illegal
decisions to fabricate.

d.    It is not possible for Ms. Chaney nor Ms. Brooks not to know all of this

42

illegal activity involving documented perjury kept from a jury or for impeachment actions, and therefore, are subject to the same damages as the initial producer of the perjury, Deputy Erin Doherty.

e.    State officials protection of these witnesses are opposite established State and Federal Laws regarding facts in evidence, clearly deny due process.

f.    Never investigated Ex-Wife to see if she was perjuring to gain advantage in a custody battle over 9 year old son, or any other motive such as an affair with a co-worker, etc.., and

g.    Purposely ignored evidence suggesting Plaintiff's innocence, and/or

h.    Used systematic pressure to implicate Plaintiff in the face of contrary evidence of multiple perjuries and inconsistencies.

115.  The actions of Defendants Doherty, Chaney, and Brooks as described in this Count were objectively unreasonable under the Fourteenth Amendment, and State's withholding of evidence put into an Evidentiary Hearing puts this record as an ongoing violation of Amendment Fourteen.

## PUNITIVE DAMAGES

116.  The actions of Deputy Doherty of eliciting perjury and covering it up with Prosecutors were:

a.    Malicious or recklessly indifferent to the Plaintiff's constitutional rights, and

b.    Taken in the face of a perceived risk they would violate Federal Law and actually on record violated State Criminal Law of Multiple Felony Counts.

## PRAYER

WHEREFORE, Plaintiff prays for judgment under the Fifth, Sixth, and Fourteenth Amendments and pursuant to 42 U.S.C. 1983 and 1988 against Defendants Detective Erin Doherty, Casey Brooks, and Leah Chaney, in their individual capacity, for having witnesses perjure from May 24, 2014 date of accusation, to Trial

43

Dates August 14, 15, and 16 Trial dates, and to date covering it up to secure a conviction by means of his coached perjury, and violated Plaintiff's constitutional right to confront these perjured individuals on their credibility, and for compensatory damages in excess of $10,000,000 and for punitive damages, for reasonable attorney's fees and non-taxable expenses, for costs, and for such other relief as the court find to be just meet and reasonable.

[PLAINTIFF INCORPORATES BY REFERENCE ALL PRIOR PARAGRAPHS]

## COUNT VI

FOURTEENTH AMENDMENT
WITHHOLDING OF MATERIAL
EVIDENTIARY EVIDENCE OF PLAINTIFF'S
PUT ON FILE AT EVIDENTIARY HEARING
AND DAMAGING CURRENT APPEAL
AGAINST DISTRICT ATTORNEY MIKE WOOD

117.  On **August 28, 2023** Due Process on appeal was violated by District Attorney Mike Wood, as it was his office that sent all the other evidence from November 09 and 10 2022 Evidentiary Hearing, and did not include "SSM DISK", that was needed to File the LEGAL FILE with the Missouri Court of Appeals Eastern District on Appeal.

118.  On **August 27, 2023** after about five earlier requests Mike Wood's office told Attorney after she once again requested "SSM DISK", was told they do not have it, and the 70 pages is all they have and all they sent her or ever will.

119.  **Listed on (TR.4)** Evidentiary Hearing listing "SSM DISK.." and the record

44

on **September 14, 2023,** Attorney was informed by Court Clerk that:

they only have and or will ever provide **18 of the 27 EXHIBITS put on file.**

**120.** It is a violation of Bar Rule 4-3.3 for District Attorney to withhold and suppress any evidence that Plaintiff is entitled to, and this evidence must be provided expedited to meet appeal.

**121.** Defendant Mr. Wood blatantly has to feel that there is no State recourse for his suppression, or this bold violation of Professional Rules of Conduct would not exist, but clearly does.

**122.** For the preceding reasons Plaintiff seeks Federal Assistance for:

<div align="center">

**RECKLESS DISREGARD FOR RIGHTS AND**

**PLAINTIFF SEEKS SUMMARY JUDGMENT**

**FOR STATE OFFICIAL TO OBEY ALREADY**

**ESTABLISHED LAWS ON EVIDENCE**

</div>

**123.** This will entail **Federal assistance order under:**

<div align="center">

**RULE 34 TO PRODUCE WITH**

**POSSIBLE SANCTIONS UNDER RULE 37**

**FOR NON-COMPLIANCE**

**PRAYER**

</div>

**WHEREFORE,** Plaintiff prays court grant Summary Judgment under Rule 56, to produce under Rule 34, 26 (b)(1), the following for it is already on record by Date added 30 days to produce **Legal File** to October 5, 2023 that Defendant Mr. Wood has already hindered and obstructed his Direct Appeal for this Attorney's ability to prepare a defense, on record damaged by Mr. Wood, **ongoing, and seeks the following:**

(a)  EXHIBIT 27 "SSM DISK.." listed as 27 on (TR. 4) Put into evidence, that Mr. Wood sent 77 pages on a Flashdrive that he claims he does not have the "DISK", even though the witness stated  when put into evidence: (TR. 38) **THE**

<div align="center">

45

</div>

WITNESS: "Because it was over 150 pages, so we had to put it on a disk." **Plaintiff seeks exact disk put into evidence.**

**(b)    9 other EXHIBITS of the 27 listed State decides it will only supply 18.**

**(c)    EXHIBIT A [page 56-this petition] -- "TRACE EVIDENCE REPORT" listed as "Q Lab Trace Evidence CERTIFIED REPORT"** that would include: **EXACTLY** what was provided in **EXHIBIT K - 1, K - 2, [page 77,78 this petition]** provided by State from other two examiners "10 STR results" State prosecutors to date have not provided "3/11/15 Nick Gerhardt Trace report to anyone, including jury, and had to **reasonably** poured over those reports in their possession, as those are "Touch DNA" reports dated "03/11/15--Nick Gerhardt"; State has no right to suppress a "BRADY" violation, as this report negated guilt forensicly.

**(d)    IPHONE DATA and NEW EVIDENCE LOG: SEPTEMBER 14, 2023** Attorney confirmed the Iphone Disk, she got from Prosecutors is "BLANK", and on November 10. 2022 Day 2 of Evidence Hearing Prosecutor Chrum told the court he sent the IPHONE back to the Crime Lab to reprocess, and to date refuses to provide "Evidence Logs" or a "working Iphone Disk," for Plaintiff seeks both entitlements.

**(e) COMFORTER PHOTO State admits "BRADY" violation, OCT. 27, 2016, to date never produced and Plaintiff seeks photo in State possession.  13**

**CONCLUSION/PRAYER, STATE'S ONGOING ACTIONS NULLIFY HECK RULE  14**

**125.** This record procedures afforded the prisoner by the State are fundamentally inadequate and currently violates procedural due process, based on this record, has no recourse minus Federal injunctive order, and **reserves the right** to seek "DAMAGES" under "compliance" of Federal Law, under 42 U.S.C. § 1983, **"in his individual capacity".**

**126.** Plaintiff went to put in the missing photo of back of laptop not "smashed" opposite Detective McCarrick's perjury a day earlier in front of Missouri Judge

13 BRADY v. MARYLAND, 373 U.S. 83, Mo.Sup.Ct.R. 25.03 (g)
14 HECK v. HUMPHREY, 512 U.S. 477

46

Frawley, instead of stating perjury was now documented at trial and day earlier hearing, Judge stated this instead immediately after Plaintiff stated this, nullifying that Mr. Ordoukhanian has any "State Remedy" under the HECK Rule that is clearly non-existent by this record:

a.      (TR. 454) MR. ORDOUKHANIAN: The – but the – the – the perjury of Detective McCarrick said this was smashed yesterday, and he need – this needs to go into evidence, because it was **not smashed.**

b.      THE COURT: Well, okay. I –– I ––

MR. ORDOUKHANIAN: And I have the report ––

THE COURT: Hang on, hang on.

MR. ORDOUKHANIAN: –– from the expert that say's it's not.

THE COURT: I'm going to receive that, okay?

MR. ORDOUKHANIAN: Thank you.

THE COURT: All right.

MR. ORDOUKHANIAN: Thank you.

(TR. 455) THE COURT: And what it's going to –– and by receiving it, it will convince me even more that –– and I don't mean disrespectfully –– that Detective McCarrick is a loose cannon as a witness, and he's unpredictable, and that, therefore, there's risk for State, there's risk for the Defendant questioning him.

127.  So HECK states "State Remedies" are available, and clearly this record as Judge Frawley instead of stating "Detective McCarrick perjured in my courtroom yesterday and **now** is on record by photographic evidence introduced into evidence perjuring at **TRIAL to a JURY"** (TR. 423) that you destroyed evidence from Photos your attorney was never provided, and will have to be

47

hell accountable, and' puts on record falsifying evidence to your Jury, he instead, after ignoring "Fabricate' PN earlier, Documented Perjury from "Cassel Questioning" Document that clearly states PN Madison is being told by A.O. she was assaulted, proven by PN Madison herself, false, does nothing but deciles;

a.   Conceal all this evidence and tell Plaintiff directly that Detective's Perjury will go against him, and

b.   Judge Frawley was the third judge put in by the State as a retired Judge after two other Judges Recused themselves, and

c.   Actually is the Judge in 2015 that was over Plaintiff's divorce and gave his Wife "Full Custody" of A.O. minor son, and

d.   Was put in by the Missouri Supreme Court appointed, and on record from November 09 and 10, 2022 Evidentiary Hearing Evidence, overwhelming evidence provided to this court, under Missouri Case 17L6-CC00144, ORDOUKHANIAN V. STATE OF MISSOURI, clearly put in to deny due process, and the continuing record of suppressing favorable material evidence, puts State,

e.   Putting on record, Mr. Ordoukhanian has no Due Process Rights in the State of Missouri, which leaves,

f.   His due process violated under HECK rule, for State is on record actually using HECK as an instrument as long as they can keep denying due process rights,

HECK, and

g.   No State entity has the right to ever protect individuals and themselves as long as they can keep it in the State, and

h.   Plaintiff wants integrity and justice to prevail as the State Courts on record continue to deny, documented:

48

i.    **On September 05, 2023**, it was documented that State gave Plaintiff's attorney Ms. McKerrow a **BLANK DISK** LABELED "IPHONE".

j.    On August 14, 2014 First Day of Trial it was documented that State violated a Court Order Dated 9  Day of Aug   2017 that the "IPHONE DISK" provided to the Defense Computer Expert was "BLANK", and

k.    To Date with over two "Writs of Mandamus" to the Higher Courts to Order state to produce "IPHONE DISK" used against him at Trial, including the Missouri Supreme Court, have denied to keep disk from Plaintiff for it is documented by Evidence Logs,

l.    After receiving the **"PASSWORD"** an Officer Frank Kosmicki checked out the "IPHONE" on **3/14/17** and listed it as **"transport",** and same evidence LOG documents it never went anywhere known, only checked back in on **3/21/17, and**

m.    **Another Log Sheet was made that stated an "IPHONE DISK" was put into evidence, even though it was checked out 12 other times sometimes signed by "CYBER" meaning "CYBER Crime Labs" only one under warrant allowed to process Iphone, it is documented IPHONE was floating around "somewhere" [3/14/17--3/21/17, after password provided] totally unknown, and to date no one can produce the contents of Iphone.**

n.    Supposedly (TR. 269) Prosecutor at Evidence Hearing stated he sent it to Crime Labs again, but will not produce the Evidence Logs, Mr. Wood will not produce the Evidence Logs, as most likely they don't exist and the Iphone was deleted, due to the damaging contents on it to the State's case.

o.    **Mr. Chrum stated he sent it to Cyber Labs because of a corrupt file, but Defense testified at trial and Evidence Hearing, the disk was "BLANK!" like it is RIGHT NOW, and puts on record State is continuing to cover itself at Due Process rights eliminating the HECK** Rule as it applies to this case as the offenses are documented ongoing.

49

p. Prosecutor even attempted to deny by filing a false document stating, "7. The State is not in possession of the Iphone 4g as listed in the order.

q. State was forced to provide another "BLANK DISK" when an email popped up from Mr. Wood's office that stated they had the IPHONE, provided after State falsified they "not in possession of the Iphone 4g.." on State Response dated July 6, 2022, and

r. It is well known in case law, deleting evidence used against someone at court, deleting it, and then deleting the "ICLOUD" [Yes, emails put in at[15] Evidence Hearing actually confirm after they deleted the IPHONE--reason for Blank Disks]; as spoilator they must produce, they actually made sure the Icloud was erased, and Plaintiff was alerted by Text to this phone, "Someone has deleted your Icloud. Was it you?"

s. And all this establishes by Attorney's discovery "BLANK DISK" listed[16] to her as "IPHONE", proof on record a State Entity is still in the process of ednying due process to Plaintiff.

---

15. At Plaintiff's Evidence Hearing the Judge did not allow him to put the former Prosecutor on the Stand as she was there by subpoena, even after multiple "cumulative" Fraud was outed during the Proceeding, and instead actually told the Prosecutor he could put Mr. Ordoukhanian on the stand instead, after Mr. Ordoukhanian told the court he did not want to take the stand, as he was the ATTORNEY in the case. This left the State able to (from Tr. 315-401) question Mr. Ordoukhanian without any opposition or objections, a clear violation of Due Process to put the Attorney against the State on the Stand against his will, and with no one to oppose State.
It is even more violative of Due Process Rights when Ms. Brooks is a State Attorney that works with the Special Prosecutor Mr. Chrum, rode in the car down there, and clearly this is no coincidence, as Mr. Ordoukhanian just recently learned She works with him in September 2023.
All of this puts on record and validates even more, that Mr. Ordoukhanian is not entitled to due process in the State of Missouri, as long as it can go against State and State officials.

16. At (TR. 324) The State Prosecutor for Defense, actually tells Mr. Ordoukhanian on the Stand, "stop pretending like you're a lawyer", as he can question with no objections, as Mr.Ordoukhanian is told he can only answer questions, period (TR. 327) "Again, I'm going to just ask you to answer the questions."
Not one objection to multiple objecting material exists, and once again the State abused its power and position on record to deprive Civil Rights guaranteed by the Constitution.

Due Process is NOT available to Mr. Ordoukhanian in any State Court, and therefore, the **HECK** rule does not apply, for:

Everything is documented as proof on file and provided to this honorable court, and seeks all remedies requested within this entire petition be granted, based on the evidence provided, attached hereto and made a part of this proceeding.

It is **sufficient prima facie**, at first sight in reference to evidence, adequate as it appears, without more, for the Evidence is proof on record of its existence.

Plaintiff Prays Relief be granted.

Respectfully Submitted,

/s/ Raymond Ordoukhanian
Raymond Ordoukhanian #1317972
P.C.C.
11593 State Hwy O
Mineral Point, MO 63660

## CERTIFICATE OF SERVICE AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint:

1.  is not being presented for an improper purpose, such as harass, cause unnecessary delay, or needlessly increase the cost of litigation;

2.  is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law;

3.  the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

4.  the complaint otherwise complies with the requirements of Rule 11.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Signed this** $\partial 6^{th}$ **day of** September **, 2023.**

**Signature of Plaintiff**

51

## FOOTNOTES

The Detective and Former District Attorney in this case
have a "pattern of bad behavior" in a previous Nationwide Case
where they were involved in fabricating evidence, and in a
malicious manner.

When the 4 Laptop Photos got in possession of Plaintiff
in 2021, 4 years after being in a Trial where Former D.A. and
Detective fabricated Laptop "destroyed" to his jury photos prove
not, the following took it to another level, as

Plaintiff is on the stand trying to defend himself and
District Attorney states, with full knowledge she is attacking
Plaintiff with a fabricated scenario he destroyed his Laptop,
states this:

(TTR. 649) MS. CHANEY: Q. You heard Detective McCarrick
testify that you laptop looked like it had been run over by a
truck. [For the record, he stated "tank" (TTR. 423)]

MR. ORDOUKHANIAN: " A. Well, that's his opinion. It's a
working laptop. It works fine."

This put on record a "Malicious Prosecution" by Ms. Chaney
and Det. McCarrick as it wasn't enough to fabricate it, but now
to attack Plaintiff with it, takes it past malevolent, to
despicable abuse of power, authority, and position, and both
must be held accountable for this record to ensure the Public's
Safety and Interest.

52

Again, Former D.A. fabricates the "two thousand images" that were missing off the laptop, ("the ones he took with him"- Laptop) was absent of minor material, when she knew the entire time, he did not "destroy" or "beat up badly" his laptop, she also knew "two thousand images" were not attached to "RAY" on the Dumpster computer.

(TTR. 698) MS. CHANEY: The computer had two thousand images on it. Now I will submit that the ones that he took with him [Laptop] were absent of child pornography any longer. But they certainly had pornography on them.

After violating Court Order Pre Trial Motion not to mention Child Pornography she repeats this again at (TTR. 699) "[A]nd the ones that had in his possession [Laptop] no longer had child erotica but keep in mind they had pornography on them.

Former D.A. is not done fabricating to jury as she states, now on record false from Evidence Hearing Bailes: "I cannot confirm his DNA came from sperm." States this to the jury:
(TTR. 697) MS. CHANEY: "You've got lab reports that say differently. His semen is on that comforter."

Jury only got two Lab Reports, and Jury misled minus "Bailes" testimony, "cannot confirm" "sperm", and once again, abuse of authority by concealing evidence and fabricating is on record directly fraud to jury to convict.

To date the State has been presented this in "Recall the Mandate", Writs of Mandamus and Prohibition, and Direct Motions to the Court, and the State will not only not correct this and hold responsible these Public servants, or produced Evidence

53

put in at an Evidentiary Hearing that outs fraud, they didn't know until they viewed the disk, "SSM DISK".

When Detective McCarrick fabricated and perjured at the Evidentiary Hearing at (TR. 221) as Plaintiff did not have the back of screen photo, but went and got it for Next Day Hearing Nov. 10, 2022 produced photo that proved the following on record now Detective McCarrick perjuring a second time, this time not to jury, but to Court:

(TR. 221) DET. MCCARRICK: A. But none of these show the top of that laptop, the backside of that laptop what was smashed in, which is why I asked you if it looked like you had been trying to destroy it, and you said, no, it was just old.

MR. ORDOUKHANIAN. Q. I actually--

DET. MCCARRICK: A. But none of these photos, sir, that you provided me show the -- backside of the lid of that laptop, which was **smashed**. This shows the inside, the keyboard, and the back with the power source removed.

MR. ORDOUKHANIAN: Q. Detective McCarrick, that's the battery that was removed. If you look at the picture --

DET. MCCARRICK: A. Is the battery the power source?

MR. ORDOUKHANIAN: Q. The power source is on the side right here. It's plugged in. It has a power source (cont. TR. 222) source that goes with it.

DET. MCCARRICK: A. Okay.

MR. ORDOUKHANIAN: Q. Yeah. That's just the battery.

DET. MCCARRICK: A. Well, this is what I was referring to.

When the State Court refused to address this fraud, they

decided instead to cover it up and to date this has been left unsanctioned or held in any criminal court as this violates established felony acts in [17] State of Missouri.

MR. ORDOUKHANIAN: (TR.  454) [t]he perjury of Detective McCarrick said this was smashed yesterday, and he need -- this needs to go into evidence.

The Back Photo [EXHIBIT C - 5] provided to this Honorable Court removes [18] any doubt this is unacceptable, and must be rectified. [19]

---

[17] Opposite Vinyard v. Wilson, 311 F.3d 1340, 1346 (11th. Cir. 2002) [quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (Supreme Court 1982)] , "their conduct does not violate clearly established Statutory or Constitutional rights to which a reasonable person would have known", wherein in Mr. Ordoukhanian's case, A Felony Act of Perjury as in Missouri under §575.040 (7)(1) the Detective clearly violated a Statute and Mr. Ordoukhanian's right not to be convicted by direct perjury from a District Attorney and Detective, nor be slandered on the stand in his own defense on that falsity. "Trial court imposed a seven year sentence upon defendant for subordination of perjury, pursuant to § 575.040, [c]learly authorized a finding that defendant and his son were acting in concert with each other to have a witness give perjured testimon(y)." Here two State officials are on record doing exactly what Mr. Baldwin was held accountable in the State of Missouri and sentenced to 7 years in prison for it, State v. Baldwin, 358 S.W.2d 18.

[18] The Dell® Laptop purchased in 2006 was $1,698.00 and was a high end computer built with a metal covering and a very fast processor to edit film. It was made to be used on a Movie set and built to withstand damage, for in 2006 Mr. Ordoukhanian was a Film Producer working on a film called "Backstabbed", and in 2014 when Detective McCarrick seized the computer, it did exactly what Dell® claimed it would do, and only had a small crack on the bottom of the screen, and scratches from wear and tear, something you would see in an almost Decade used Computer. Concealing the photos and laptop from Defense and Jury is the only way to get this falsity off to mislead everyone, except those creating the felony acts.

[19] [A] State officer cannot on one hand as a means of doing wrong forbidden by the Amendment, proceed upon the assumption of the possession of State Power and at the same time for the purpose of avoiding the application of the Amendment, deny the power and thus accomplish the wrong. Home Tel. Co. v. Los Angeles, 227 U.S. 278 (Supreme Court 1913). Clearly the record is un-disputable that this was done knowingly against better judgment, In re Caranchini, 956 S.W.2d 910, made false statements and withheld material information, and In re Ver Dught, 825 S.W.2d 847, that was sent back to the State Court from Federal Court.