UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RAYMOND DEAN ORDOUKHANIAN, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>LEAH CHANEY, et al., )<br>)<br>Defendants. ) | No. 4:23-cv-01237-SEP |

### MEMORANDUM AND ORDER

Before the Court are Plaintiff Raymond Dean Ordoukhanian's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. [2], and Motion to Appoint Counsel, Doc. [4]. For the reasons set forth below, the Application to Proceed in District Court Without Prepaying Fees or Costs is granted and the Motion to Appoint Counsel is denied. After review of the Complaint under 28 U.S.C. § 1915(e), Plaintiff is granted the opportunity to file an amended complaint. All other pending motions are denied as moot.

#### FILING FEE

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20% of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20% of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward the monthly payments to the Clerk of Court each time the amount in the account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has filed a certified inmate account statement that shows an average monthly deposit of $64.32, and an average monthly balance of $20.63. Therefore, the Court assesses an initial partial filing fee of $12.88, which is 20% of Plaintiff's average monthly deposit.

**FACTS AND BACKGROUND**[1]

On May 29, 2014, a criminal complaint was filed against Plaintiff in Lincoln County, Missouri, charging him with statutory rape. A jury trial began on August 14, 2017, and on August 16, 2017, the jury returned a guilty verdict. On October 10, 2017, the Honorable James Beck sentenced Plaintiff to life imprisonment. Plaintiff's conviction and sentence were affirmed on appeal. *State v. Ordoukhanian*, No. ED106056 (Mo. Ct. App. 2018). At present, Plaintiff is incarcerated at the Potosi Correctional Center.

Plaintiff filed a motion for post-conviction relief, and the motion court held an evidentiary hearing on November 9-10, 2022. *See Ordoukhanian v. State*, No. 17L6-CC00144 (45th Jud. Cir. 2017). The motion court denied relief, and Plaintiff filed a notice of appeal. *See id.* Plaintiff's appeal remains pending in the Missouri Court of Appeals. *See Ordoukhanian v. State*, No. ED111752 (Mo. Ct. App. 2023).

On or about April 22, 2021, Plaintiff filed an 88-page complaint against Brian Sinclair, his former criminal defense attorney. He sought and was granted leave to proceed *in forma pauperis*. In claims asserted under 42 U.S.C. § 1983, Plaintiff sought damages from Sinclair for violating his Fourth, Fifth, Sixth, and Fourteenth Amendment rights by conspiring with state officials to conceal and manipulate evidence during his criminal trial.[2] On December 13, 2021, the Honorable John A. Ross dismissed the action in its entirety.

Plaintiff filed the Complaint in this case pursuant to 42 U.S.C. § 1983. He identifies himself and the defendants as follows:

> 1. Plaintiff Raymond Oroukhanian is an individual residing at Potosi Correctional Center in Washington County, Missouri.
>
> 2. Attorney Leah Chaney was serving as District Attorney and was relevant at all times (Now works in private practice in Lincoln County, same County).
>
> 3. Attorney Casey Brooks was serving as Assistant Prosecutor for Lincoln County Missouri and was relevant at all times (Now works in St. Charles County).

---

[1] The information was taken from public records published on Missouri Case.net in Plaintiff's Missouri State criminal case, *State v. Ordoukhanian*, No. 14L6-CR00475-01 (45th Jud. Cir. 2014). The Court takes judicial notice of the public state records. *See Levy v. Ohl*, 477 F.3d 988 (8th Cir. 2007). Information was also taken from public records published on the Court's Case Management/Electronic Case Files system in *Ordoukhanian v. Sinclair*, No. 4:21-cv-466-JAR (E.D. Mo. Dec. 13, 2021). The Court takes judicial notice of that prior litigation, the records of which are public records filed in this Court and relate to this case. *See United States v. Jackson*, 640 F.2d 614, 617 (8th Cir. 1981).

[2] Plaintiff also asserted claims based on other legal theories.

> 4. Detective Ryan J. McCarrick was at all times relevant over this case at Lincoln County Sheriff's Department in Lincoln County Missouri (Now works for the City of Florrissant, in St. Louis County, Missouri.)
>
> 5. Detective Erin Doherty served as Deputy at all times relevant, and is now currently at the same department as a Detective for the Lincoln County Sheriff's Department of Missouri.
>
> 6. District Attorney Michael Wood is currently relevant as he is over the control and authority to possess the evidence being sought . . .

*Id*. at 6-7.  Plaintiff sues all Defendants in an official and individual capacity.

Plaintiff did not draft the Complaint using a Court-provided form, as required by the Court's Local Rules.  *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable.").  Plaintiff submitted a typewritten Complaint spanning more than 50 pages and including 127 numbered paragraphs, many of which have multiple subsections.  It is accompanied by an appendix and a volume of exhibits totaling more than 70 pages.  Portions of the Complaint are typed in ink that is too faint to read.  The Complaint also contains rambling, convoluted, multi-paged assertions, and Plaintiff makes liberal use of conclusory and legally argumentative language.  As a result, Plaintiff's precise claims are not readily discernible.  But Plaintiff claims some Defendants concealed and fabricated evidence and elicited perjury during his 2017 criminal trial, and a different defendant wrongfully withheld evidence in his 2023 appellate case.

After filing the Complaint, Plaintiff filed the following:

1. Plaintiff's Motion for Hearing to Address Injunctive Relief Based on Newly Discovered Evidence, Doc. [6];

2. Plaintiff's Motion for Attorney General to Attend Hearing, Doc. [7];

3. Plaintiff Notice of Ongoing Deprivation of Rights on Exhibits to the State Court of Appeals, Doc. [8];

4. Plaintiff's Motion to Have Civil Rights Division Investigate State Fabrication of DNA Evidence Newly Discovered, Doc. [9];

5. Introduction of State Motions and Exhibits Under Heck Challenge on State Remedies not Available, Doc. [10];

6. Plaintiff's Motion Timely Filed Brief with State was Sent USPS Certified Mail and Seeks Compliance, Doc. [11];

7. Plaintiff's Motion to Compel Court to Enforce Rule 34 State to Produce "SSM Disk" From "Count IV" After Putting on Record State Violating Civil Rights to Evidence and Civil Rights by Documented Denial of Motions Containing Evidence of Stated Violations, Doc. [12];

3

8. Plaintiff's Motion to Compel State Court Based on Docket Evidence to Stop Violating 28 U.S.C. § 241 & 242 Conspiracy & Deprivation of Rights, Doc. [13];

9. Plaintiff's Motion to Investigate Jury Tampering, Doc. [14] (filed under seal); and

10. Plaintiff's Motion to Include Exhibits that Show Attempt to Remove Transcript Evidence, Doc. [16].

Plaintiff seems to have submitted these filings to supplement, amend, support, or seek expedited relief on the claims asserted in the Complaint.  For example, Plaintiff asks the Court to set a hearing in this matter and require the State Attorney General to attend, order an investigation into alleged State misconduct related to the foregoing state litigation, acknowledge that he properly filed certain material with the Missouri Court of Appeals, and compel the state court to follow certain state rules.  Some of the filings are accompanied by multiple pages of exhibits.

## LEGAL STANDARD

The Court is required to review a complaint filed *in forma pauperis* and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).  An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.  The court must assume the veracity of well-pleaded facts but need not accept as true

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

District courts must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Liberally construe" means that, "if the essence of an allegation is discernible," courts should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). But even pro se complaints "must allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). District courts are not required to "assume facts that are not alleged," *Stone*, 364 F.3d at 914-15, or interpret procedural rules to "excuse mistakes by those who proceed without counsel." *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### DISCUSSION

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(d)(1) provides that each allegation in a complaint must be "simple, concise, and direct." As indicated above, Plaintiff's Complaint was filed in violation of those rules, and he has compounded the problem by filing numerous exhibits and additional documents purporting to supplement, amend, or support the claims in the Complaint.

Plaintiff also asserts multiple unrelated claims against the five defendants. A plaintiff may join in one action as many claims as he has against a single defendant. Fed. R. Civ. P. 18(a). But when multiple defendants are named, the Court must first consider whether the defendants are properly joined under Rule 20(a)(2) of the Federal Rules of Civil Procedure. *See Intercon Rsch. Assocs., Ltd. v. Dresser Indus., Inc.*, 696 F.2d 53, 57 (7th Cir. 1982).

Under Rule 20(a)(2), a plaintiff may join multiple defendants in one action only if he asserts a right to relief against them that arises from the same transaction or occurrence, or series of transactions or occurrences, and presents common questions of law or fact. Unrelated claims against different defendants belong in different suits. In cases filed by non-prisoners, this requirement prevents the complication and confusion that results from multi-claim, multi-defendant lawsuits. In the context of cases filed *in forma pauperis* by prisoners, it serves the additional purpose of ensuring that prisoners pay the required filing fees, because under the

5

Prison Litigation Reform Act a prisoner can bring only three frivolous suits or appeals *in forma pauperis*. *See* 28 U.S.C. § 1915(g).

Plaintiff's claims that certain individuals concealed and fabricated evidence and elicited perjury during his 2017 criminal trial are unrelated to his claims that another individual wrongfully withheld evidence during his 2023 appeal. Misjoinder of parties is not grounds for dismissing an action, but a court may drop parties or sever any claim against a party to remedy the misjoinder. *See* Fed. R. Civ. P. 21. Rather than drop parties or sever claims on its own, the Court will give Plaintiff the opportunity to file an amended complaint. That will allow Plaintiff to decide what to pursue in this lawsuit and accommodate his manifest intent to amend the Complaint.

Plaintiff should bear in mind that an amended complaint will replace the original. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect."). Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable.").

In the "Caption" section of the complaint form, Plaintiff should write the name of the defendant he intends to sue. *See* Fed. R. Civ. P. 10(a). Plaintiff must avoid naming anyone as a defendant unless that person is directly related to his claim. Plaintiff must also specify the capacity in which he intends to sue the defendant.

In the "Statement of Claim" section, Plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, Plaintiff should set forth a <u>short and plain</u> statement of the <u>facts</u> that support his claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Each one of Plaintiff's allegations must be <u>simple, concise, and direct</u>. *See* Fed. R. Civ. P. 8(d)(1). Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

If Plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If Plaintiff names more than one defendant, he may only include claims that arise out of the same transaction or occurrence, or simply put, claims

6

that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Plaintiff may file a separate civil action to assert any unrelated claim or claims. To assist Plaintiff, the Court will provide him with an additional copy of the complaint form and a copy of the form Application to Proceed in District Court Without Prepaying Fees or Costs to use if he wishes to institute a separate civil action *in forma pauperis*.

It is important that Plaintiff allege facts explaining how each defendant was personally involved in and directly responsible for harming him. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). Plaintiff must explain the role of each defendant so that each will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) ("The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim . . . .'") (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiff may not amend or supplement a complaint by filing separate documents. Plaintiff must file a single, comprehensive pleading that sets forth his claims for relief. *See Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008) (it is appropriate to deny leave to amend a complaint when a proposed amended complaint is not submitted with the motion).

When preparing an amended complaint, Plaintiff should avoid including legal argument and exhibits. The amended complaint will be subject to initial review pursuant to 28 U.S.C. § 1915(e)(2)(B). If this case proceeds to the next stage of litigation, Plaintiff will have the opportunity to present legal arguments and submit evidence in support of his claims.

Plaintiff has also filed a motion to appoint counsel, which is denied without prejudice. An indigent litigant has "neither a constitutional nor a statutory right to appointed counsel in civil cases." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citing *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006)). A district court may appoint counsel in a civil case if it is "convinced that an indigent plaintiff has stated a non-frivolous claim and where 'the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel.'" *Id.* (citation omitted) (quoting *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986)) (citing 28 U.S.C. § 1915(e)). When determining whether to appoint counsel for an indigent litigant, a court considers such factors as "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the

ability of the indigent person to present the claims, and the complexity of the legal arguments." *Id*. (quoting *Phillips*, 437 F.3d at 794).

In this case, there is no indication that Plaintiff is incapable of representing himself, and nothing in the record indicates that the factual or legal issues are sufficiently complex to justify the appointment of counsel. No defendant has been served with process and discovery has not begun, so there is no conflicting testimony. Because the Court recognizes that circumstances may change, the motion is denied without prejudice, meaning that the Court will consider future motions, if appropriate, as the case progresses.

The Court will also deny Plaintiff's remaining pending motions. He has submitted nothing upon which relief may be granted, and because the Court is giving him the opportunity to file an amended complaint, they are moot. Plaintiff's Motion to Investigate Jury Tampering, Doc. [14], was filed under seal. Plaintiff did not follow the procedure for filing sealed material set forth in Eastern District of Missouri Local Rule 13.05. That process requires a movant to first file an unsealed motion for leave to file under seal, and then a sealed motion explaining the specific legal and factual basis for sealing. E.D. Mo. L.R. 13.05(A)(4). The Clerk is therefore ordered to remove Plaintiff's Motion to Investigate Jury Tampering from the public docket. The Clerk will also mail Plaintiff a copy of the documents Plaintiff filed at Doc. [14] and a copy of Local Rule 13.05.

In the future, Plaintiff must refrain from submitting pleadings that violate the Federal Rules of Civil Procedure and the Court's Local Rules. He must also avoid filing multiple frivolous motions. Such practices waste judicial resources, and someone who knowingly engages in them may be sanctioned.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* , Doc. [2], is **GRANTED**.

**IT IS FURTHER ORDERED** that, within twenty-one (21) days of the date of this order, Plaintiff must pay an initial filing fee of $12.88. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall mail to Plaintiff two copies of the Court's form Prisoner Civil Rights Complaint Under 42 U.S.C. § 1983, one copy of the Court's form Application to Proceed in District Court Without Prepaying Fees or Costs, one copy of Doc. [14], and one copy of Eastern District of Missouri Local Rule 13.05.

**IT IS FURTHER ORDERED** that, within twenty-one (21) days of the date of this Memorandum and Order, Plaintiff must file an amended complaint in accordance with the instructions herein.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel, Doc. [4], is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motions filed at Docs. [6], [7], [9], [12], [13], [14], and [16], are **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk will remove Plaintiff's Motion to Investigate Jury Tampering, Doc. [14], from the docket for failure to comply with Eastern District of Missouri Local Rule 13.05.

**IT IS FINALLY ORDERED** that Plaintiff's failure to timely and fully comply with this Order may result in the dismissal of this case, without prejudice and without further notice.

Dated this 13th day of June, 2024.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE