# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| RAYMOND DEAN ORDOUKHANIAN, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 4:23-cv-1237-SEP |
| ) | |
| LEAH CHANEY, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Before the Court is self-represented Plaintiff Raymond Dean Ordoukhanian's Amended Complaint and various motions. For the reasons set forth below, the Court dismisses this case without further proceedings, denies as moot Plaintiff's "Motion to Document Timely Payment," Doc. [20], as well as his second motion seeking leave to proceed *in forma pauperis*, Doc. [22], and denies his motions asking this Court to address a complaint he filed with Missouri's Office of Chief Disciplinary Counsel, Docs. [30], [31].

## FACTS AND BACKGROUND[1]

Plaintiff is incarcerated at the Potosi Correctional Center pursuant to a judgment of the Lincoln County Circuit Court in the matter *State v. Ordoukhanian*, No. 14L6-CR00475-01 (45th Jud. Cir. 2014). According to publicly available documents, Plaintiff was charged with First Degree Statutory Rape in connection with his actions against a child under the age of 14. A jury trial was conducted August 14-16, 2017, and the jury returned a guilty verdict. On October 10, 2017, Plaintiff was sentenced to life imprisonment. The Missouri Court of Appeals affirmed the Circuit Court's judgment. *State v. Ordoukhanian*, No. ED106056 (Mo. Ct. App. 2018).

Plaintiff filed a motion for post-conviction relief, and the motion court held an evidentiary hearing on November 9-10, 2022. *See Ordoukhanian v. State*, No. 17L6-CC00144

---

[1] Information about Plaintiff's state court criminal proceedings was taken from public records published on Missouri Case.net in the matter *State v. Ordoukhanian*, No. 14L6-CR00475-01 (45th Jud. Cir. 2014). The Court takes judicial notice of the public state records. *See Levy v. Ohl*, 477 F.3d 988 (8th Cir. 2007).

Information about Plaintiff's prior 42 U.S.C. § 1983 case filed in this Court was taken from public records published on the Court's Case Management/Electronic Case Files database in *Ordoukhanian v. Sinclair*, No. 4:21-cv-466-JAR (E.D. Mo. Dec. 13, 2021). The Court takes judicial notice of that prior litigation, the records of which are public records filed in this Court and related to this case. *See United States v. Jackson*, 640 F.2d 614, 617 (8th Cir. 1981).

(45th Jud. Cir. 2017).  The motion court denied relief, and Plaintiff appealed.  *Id.*  As of the date of this Memorandum and Order, that appeal remains pending.  *See Ordoukhanian v. State*, No. ED111752 (Mo. Ct. App. 2023).

On April 22, 2021, Plaintiff filed an 88-page complaint pro se and *in forma pauperis* in this Court against Brian Sinclair, his former criminal defense attorney.  In claims asserted under 42 U.S.C. § 1983, Plaintiff sought damages from Sinclair for violating his Fourth, Fifth, Sixth, and Fourteenth Amendment rights by conspiring with state officials to conceal and manipulate evidence during his criminal trial.  He asserted claims based on other legal theories as well.  On December 13, 2021, the Honorable John A. Ross dismissed the action in its entirety.

## THE AMENDED COMPLAINT[2]

In the instant matter, Plaintiff filed an Amended Complaint pursuant to 42 U.S.C. § 1983 against Leah Chaney,[3] Casey Brooks, and Ryan McCarrick, asserting claims stemming from the 2017 jury trial conducted in *State v. Ordoukhanian*, No. 14L6-CR00475-01.  *See* Doc. [24].  Plaintiff appears to identify the defendants by the job titles they held at that time.  *Id*. at 3-4.  He states that Chaney was the District Attorney, Brooks was an Assistant Prosecuting Attorney, and McCarrick was a Lincoln County police detective.  *Id*.  Plaintiff's Amended Complaint is repetitive and often confusing, but it is clear he seeks damages against the Defendants for committing wrongdoing during the jury trial in *State v. Ordoukhanian*, No. 14L6-CR00475-01.

Plaintiff asserts his first claim against Chaney and Brooks.  He claims that during trial, they knowingly presented fabricated DNA forensic evidence to the trial court and the jury in order to convince the jury that Plaintiff's semen was found on the victim's comforter.  *Id*. at 7-8.  He states that, during his post-conviction proceedings, he learned that the presence of semen or sperm could not be confirmed.  *Id*.  Plaintiff quotes several portions of the trial transcript in which Chaney told the jury that Plaintiff's semen was found on the comforter.  *Id*. at 10-14.  He alleges that Chaney and Brooks had a duty to act ethically, but instead abused their positions and deliberately presented the fabricated evidence in order to secure his conviction.  *Id*.  Plaintiff writes: "it is documented **forensic fact** that both Defendant Chaney (Askey), and Brooks,

---

[2] When quoting the Amended Complaint, the Court reproduces the text verbatim without correcting grammatical, spelling, or punctuation errors.

[3] Plaintiff indicates that Chaney is also known by the surname Askey, but primarily refers to her using the surname Chaney.  The Court will do the same.

2

fabricated it to court, jury, and tribunal, on August 14, 15, and 16 of 2017 with zero regard for Mr. Ordoukhanian's due process right to be tried ethically, missing from this record." *Id*. at 16 (emphasis in original).

Plaintiff asserts his second claim against Chaney, Brooks, and McCarrick. *Id*. at 17. He claims that during trial, Defendants knowingly presented perjured testimony to convince the jury that Plaintiff deliberately destroyed his laptop in order to conceal evidence of child pornography. More specifically, Plaintiff alleges that, during trial, McCarrick falsely testified that Plaintiff's laptop was "destroyed," "beat up badly" and "looked like it had been run over by a tank," when in fact it had only minimal damage. *Id*. Plaintiff alleges that Brooks elicited that perjured testimony from McCarrick. *Id*. He alleges that Chaney used that perjured testimony to convince the jury that the reason the laptop did not contain child pornography or child erotica was because Plaintiff deliberately destroyed it. *Id*. at 18.

In his prayer for relief, Plaintiff writes:

> I want the Court to not only hold those responsible for these violations of ethics by fabricating DNA Forensic Evidence they knew was fabricated directly to court, jury, and in violation of my Due Process Rights, the accused; too, they must send a precedent that this won't be tolerated by actually doing Felony Crimes to accomplish this by Direct Perjury and Subordinate perjury. They should pay 1,000,000 dollars for each year of confinement and fraud perpetrated from 2014 to 2024 when they fabricated "Semen" was found on a comforter when they knew it was not. Total 10,000,000, and 1,000,000 Punitive to send that message to others considering doing the same.

*Id.* at 21.

## LEGAL STANDARD ON INITIAL REVIEW

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. The Court must "accept as true the facts alleged, but not legal

3

conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir.2004)). But even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). And "procedural rules in ordinary civil litigation" need not be "interpreted so as to excuse mistakes by those who proceed without counsel." *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## DISCUSSION

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) "the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

For the reasons explained below, the Court finds this action subject to dismissal because Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Even if *Heck* did not apply, Plaintiff's allegations would not state valid official or individual capacity claims against Chaney, Brooks, or McCarrick. The Court addresses these matters in turn.

### A.     *Heck v. Humphrey,* 512 U.S. 477

The Supreme Court has held that a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his convictions, sentences, or continued imprisonment, unless the convictions or sentences have been reversed, expunged, or called into question by issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486-87; *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995).

4

As summarized above, Plaintiff claims Chaney and Brooks fabricated evidence of semen and sperm on the victim's comforter, the "only Forensic evidence in the case," and did so deliberately in order to secure his conviction. Doc. [24] at 7. Plaintiff also claims that McCarrick, Brooks, and Chaney either offered, elicited, or used perjured testimony for the purpose of convincing the jury that Plaintiff damaged his laptop to conceal evidence of child pornography, testimony that could have inflamed the jury's passions and increased the chance of conviction. *Id*. at 17. Ruling in Plaintiff's favor on either one of these claims would necessarily imply the invalidity of his criminal conviction, sentence, or continued imprisonment. Plaintiff does not aver, nor does it appear, that his conviction or sentence has been reversed, expunged, or called into question by the issuance of a writ of habeas corpus. Therefore, the Court concludes that this action is barred by *Heck v. Humphrey*.

**B.     District Attorney Chaney and Assistant Prosecuting Attorney Brooks**

Plaintiff sues Chaney and Brooks in their official and individual capacities and identifies them as prosecutors. Pleading an official capacity claim against a public official is another way of pleading a claim directly against the governmental entity that employs the official. *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (citations omitted); *see also Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010) (Official capacity claims are "functionally equivalent to a suit against the employing governmental entity."). As a result, the Court interprets Plaintiff's official capacity claims against Chaney and Brooks as seeking to impose liability on the municipality that employed them. Plaintiff's claims fail because his allegations do not establish that Chaney or Brooks committed any constitutional violation pursuant to an official custom, policy, or practice of Lincoln County or any other municipality. *See Monell v. N.Y. Dep't of Soc. Servs.*, 436 U.S. 658, 690–92 (1978) (describing a municipal liability claim); *see also Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009).

Plaintiff's individual capacity claims also fail. Prosecutors are absolutely immune from civil rights claims based on actions taken within the scope of their duties in initiating a criminal prosecution and presenting the state's case at trial. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). "Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process." *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996); *see also Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016) (same).

5

In this case, Plaintiff's claims against Chaney and Brooks are entirely based on actions they took within the scope of their duties in pursuing a criminal prosecution and presenting the State's case at trial. Chaney and Brooks are therefore absolutely immune. Plaintiff's allegations that Chaney and Brooks acted with malice or other improper motive do not save his claims. A prosecutor is immune from suit even if she knowingly presents false, misleading, or perjured testimony, or withholds or suppresses exculpatory evidence. *Reasonover v. St. Louis County, Mo.*, 447 F.3d 569, 580 (8th Cir. 2006); *see Imbler*, 424 U.S. at 427-28 (there is no fraud exception to prosecutorial immunity).

### C. Detective McCarrick

Plaintiff sues McCarrick in his official and individual capacities, identifying him as a police detective employed by the Lincoln County Police Department or the Florissant Police Department. As noted above, pleading an official capacity claim against a public official is another way of pleading a claim directly against the governmental entity that employs him. *Hafer*, 502 U.S. at 25; *Veatch*, 627 F.3d at 1257. In this case, Plaintiff's official capacity claims fail because his allegations do not establish that McCarrick committed a constitutional violation pursuant to an official custom, policy, or practice of Lincoln County or Florissant. *See Monell*, 436 U.S. at 690–92 (describing a municipal liability claim); *Moyle*, 571 F.3d at 817. To the extent Plaintiff can be understood to seek to impose liability upon the Lincoln County Police Department or the Florissant Police Department, such claims fail because municipal departments such as police departments are not legal entities subject to suit under 42 U.S.C. § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992).

Plaintiff's individual capacity claims against McCarrick also fail. Plaintiff seeks damages from McCarrick for giving perjured testimony during trial in *State v. Ordoukhanian*, No. 14L6-CR00475-01. The Eighth Circuit has recognized that a law enforcement officer who serves as a trial witness enjoys absolute immunity from any civil claim premised on his testimony. *Helmig v. Fowler*, 828 F.3d 755, 761 (8th Cir. 2016) (citing *Briscoe v. LaHue*, 460 U.S. 325, 342-43 (1983)); *see also Conley v. Office of the Pub. Defender, Sixth Judicial Dist. of Ark., Pulaski & Perry Counties*, 653 F.2d 1241, 1242 (8th Cir.1981) ("Witnesses are absolutely immune from section 1983 remedy actions arising from their testimony in judicial proceedings.").

6

For all of the foregoing reasons, the Court dismisses this case at this time, pursuant to 28 U.S.C. § 1915(e)(2)(B).

### PLAINTIFF'S MOTIONS

Plaintiff has filed a motion asking this Court to document his timely payment of the initial partial filing fee. Doc. [20]. Plaintiff's initial partial filing fee has not been rejected as untimely and has in fact been docketed by the Clerk. The motion is therefore moot and is denied as such. Next, Plaintiff has filed a second motion for leave to proceed *in forma pauperis*. Doc. [22]. Plaintiff has already been granted leave to proceed *in forma pauperis*, so that motion is also moot and denied as such.

Plaintiff has also filed motions titled "Motion to Address and Administer Justice Address Documented Violations of Rules of Professional Conduct," Doc. [30], and "Motion for Evidentiary Hearing to Address Documented Violations of Rules of Professional Conduct," Doc. [31]. In the motions, Plaintiff avers he has filed complaints against Chaney and Brooks with the Missouri Supreme Court's Office of Chief Disciplinary Counsel. While the exact nature of the relief Plaintiff seeks is unclear, it does appear he is asking this Court to take some form of action concerning his complaints. For example, Plaintiff asks this Court to hold an evidentiary hearing and "officially remand back to the Missouri Supreme Court Findings, Facts, and Conclusions of Law on the following on record Professional Rule Violations . . . ." Doc. [30] at 1.

The Court has thoroughly reviewed and liberally construed the motions and finds no basis to grant relief. This Court lacks jurisdiction over complaints filed with the Missouri Supreme Court's Office of Chief Disciplinary Counsel. Additionally, neither motion can be construed as setting forth factual allegations that would state a claim upon which relief may be granted against any Defendant in this matter. The motions are therefore denied.

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Document Timely Payment, Doc. [20], is **DENIED** as moot**.**

**IT IS FURTHER ORDERED** that Plaintiff's second Motion to Proceed *in Forma Pauperis*, Doc. [22], is **DENIED** as moot**.**

7

**IT IS FURTHER ORDERED** that Plaintiff's "Motion to Address and Administer Justice Address Documented Violations of Rules of Professional Conduct," Doc. [30], is **DENIED.**

**IT IS FINALLY ORDERED** that Plaintiff's "Motion for Evidentiary Hearing to Address Documented Violations of Rules of Professional Conduct," Doc. [31], is **DENIED.**

Dated this 30th day of October, 2024

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE